Patrick Kelly GILBERT, Appellant,

v.

The STATE of Texas, Appellee.

No. 46164.

Court of Criminal Appeals of Texas.

April 25, 1973.

Rehearing Denied May 16, 1973.

Bob Tarrant, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, and L. H. Stewart, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of possession of marihuana. The court assessed punishment at ten years, probated.

The sufficiency of the evidence is not challenged.

The record reflects that on August 26, 1971, Captain J. M. Schultea of the Village Police Department in Harris County, acting on an informant's tip, set up a surveillance on Apartment No. 55, 10011 Knob Oak Street in the City of Houston. After watching known narcotics users going in and out of the apartment for a period of approximately four hours, Captain Schultea secured a search warrant from Judge James T. Kells, Magistrate, Municipal Court, Hedwig Village, on August 26, 1971, at 6:05 p. m. The search warrant was executed by Captain Schultea, State Intelligence Officer David Dimmit, and other officers on August 29, 1971, at 3:30 p. m. Three baggies of marihuana were found in appellant's apartment while 85 pounds of marihuana was found in a vehicle parked in appellant's carport stall.

■ In his first ground of error, appellant attacks the trial court's failure to sustain his motion to suppress evidence seized as a result of the search warrant. He argues that the warrant is invalid because the affidavit supporting the warrant does not state when the informant was in appellant's apartment and observed the contraband.

In Olivia Garza v. State, Tex.Cr.App., 456 S.W.2d 374, a similar contention was made, but there, as in the present case, a surveillance was set up at the place of the alleged narcotics trafficking before officers attempted to secure a search warrant. In Garza, this Court held as it had in the past and as the decision of the Fifth Circuit in Gonzales v. Beto, and Acosta v. Beto, 425 F.2d 963 (5th Cir. 1970), that the informant's tip, the statement to show reliability of the informant, and the results of the recent surveillance of the officers in each case were sufficient for a detached magistrate to believe the elements offered to show probable cause.

The first ground of error is overruled.

■ Appellant's second ground of error contends that the magistrate of Hedwig Village, Harris County, did not have authority to issue a warrant for a premise located in the City of Houston, Harris County, which was executed by a member of the Village Police Department whose authority did not extend outside the city limits of Hedwig Village.

■ At the outset we note that the jurisdiction of a justice of the peace, when acting as a magistrate, is coextensive with the limits of his county. 51 Tex.Jur.2d, Searches and Seizures, Section 16, page 652. Judges of city courts of incorporated cities or towns are magistrates. Article 2.09, Vernon's Ann.C.C.P. The issuance of the search warrant was within the authority of the magistrate of the Hedwig Village municipal judge.

■ The warrant in question was directed to the sheriff or any peace officer of Harris County. A city policeman is a peace officer. Article 2.12, Vernon's Ann. C.C.P.; Green v. State, Tex.Cr.App., 490 S.W.2d 826.

■ Captain Schultea testified that he executed the search warrant with State Intelligence Officer David Dimmit. Officer Dimmit's authority is state-wide, Schultea was not acting without the scope of his authority. See Christopher v. State, Tex. Cr.App., 489 S.W.2d 575.

Appellant's second ground of error is overruled.

No reversible error being shown, the judgment is affirmed.