UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-4873

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

DAVID MILTON CONINE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(September 16, 1994)

Before POLITZ, Chief Judge, DAVIS and WIENER, Circuit Judges.

POLITZ, Chief Judge:

The government appeals the decision of the district court excluding, in the prosecution of David Milton Conine, all evidence resulting from execution of a state-issued search warrant. For the reasons assigned we reverse and remand.

## Background

In August 1992 a joint state and federal investigation uncovered marihuana growing in a rural area of Red River County, Texas. State law enforcement officers maintaining ground surveillance discovered that Conine resided in a trailer house on

one of the four tracts of property surveilled.[1]  Sergeant Harold O'Brien, the officer in charge of the state effort, and Assistant District Attorney Jeff Starnes prepared an affidavit and application for a search warrant.  Starnes then sought a state district judge to issue the warrant.  Red River County lies within two judicial districts, the 6th[2] and the 102nd.[3]  Starnes first sought Judicial District Judge Henry Braswell of the 6th District who issued most of the search warrants for property in Red River County.  Judge Braswell was ill and unavailable.  Starnes then attempted to reach 102nd Judicial District Judge Leon Pesek in Texarkana.  Judge Pesek was presiding over a trial in New Boston approximately 65 miles distant.  Finally, Starnes contacted District Judge Jim N. Thompson of the 62nd Judicial District[4] in adjacent Lamar County.  Judge Thompson met O'Brien in Bogota in Red River County.  Finding the requisite probable cause, Judge Thompson issued the warrant, crossing out the reference to Red River County under his signature and inserting Lamar County.

The next day O'Brien and other state and federal narcotics officers executed the search warrant.  The search of Conine's

[1]The Department of Public Safety officers were misinformed by the sheriff's office that Conine owned the entire property.

[2]The 6th Judicial District is composed of Fannin, Lamar, and Red River Counties.  Tex. Gov't Code Ann. § 24.106(a) (Vernon 1988).

[3]The 102nd Judicial District is composed of Bowie and Red River Counties.  Tex. Gov't Code Ann. § 24.204(a) (Vernon 1988).

[4]The 62nd Judicial District is composed of Delta, Franklin, Hopkins, and Lamar Counties.  Tex. Gov't Code Ann. § 24.164(a) (Vernon 1988).

trailer and surrounding structures disclosed marihuana; marihuana seeds; firearms and ammunition; over $18,000 in cash; a triple-beam scale; and drug manufacturing equipment such as beakers, a heat lamp, and a condenser. Additionally, 1,132 marihuana plants were discovered growing on the adjacent land. Several weeks later a survey revealed that the standing marihuana was on tracts of land other than that on which Conine resided. Conine was taking advantage of the isolated nature of the area to grow marihuana on neighboring tracts of land.

Conine ultimately was charged in a five-count superseding indictment with possession with intent to distribute marihuana (Count 1), unlawful possession of firearms (Count 2), use or carrying of a firearm during and in relation to a drug-trafficking crime (Count 3), possession of a controlled substance with intent to distribute (Count 4), and criminal forfeiture (Count 5). Conine tentatively agreed to plead guilty to Counts 2 and 4 and agreed to the forfeiture of certain property described in Count 5. At his guilty-plea hearing Conine informed the court that he had not read the search warrant. The search warrant was produced and a recess was called. Following the recess Conine declared that he wished to challenge the validity of the search and seizure and that he desired to obtain new counsel. The district court set aside the guilty plea and entered a plea of not guilty, pending a ruling on the validity of the search warrant.

Conine moved to suppress, contending that the warrant was defective. Following a suppression hearing the district court

3

determined that the search warrant was void *ab initio* under Texas law because Judge Thompson did not have territorial jurisdiction to issue a search warrant for property located in Red River County. All evidence discovered pursuant to the warrant was suppressed. This ruling mooted Conine's fourth amendment challenge. The district court did not reach the government's contentions that Conine lacked standing as related to properties adjacent to those in which he had a possessory interest, and that the good faith exception to the exclusionary rule should be applied. The government timely appealed.

## Analysis

We begin by noting that when a state officer secures a search warrant from a state judge, Federal Rule of Criminal Procedure 41(a) is not the rubric for determining whether the search warrant was issued by an appropriate court even when the seized evidence is offered in federal court. State law controls in that instance.[5] The constitution and statutes of Texas do not explicitly provide the answer to the jurisdictional question posited, and there is a dearth of jurisprudence.[6] We approach today's interpretive task in

---

[5]**United States v. Shaw**, 920 F.2d 1225 (5th Cir.), <u>cert</u>. <u>denied</u>, 500 U.S. 926 (1991); **United States v. McKeever**, 905 F.2d 829 (5th Cir. 1990) (*en banc*), <u>cert</u>. <u>denied</u>, 498 U.S. 1070 (1991).

[6]Today's decision is fully supported by the very recent opinion of an intermediate appellate court which, in approving the issuance of a search warrant by the same judge involving the same counties as in case at bar, states in passing that neither Texas cases nor statutes proscribe the practice. <u>See</u> **Green (Othar Glen) v. State**, 880 S.W.2d 198 (Tex.App.--Texarkana, 1994).

4

that setting.[7]

The Texas Code of Criminal Procedure provides that a search warrant is a written order issued by a magistrate.[8]  The title "magistrate" has come to connote one having duties which are judicial in nature.[9]  The Code identifies magistrates as including justices of the supreme court and courts of criminal and civil appeals, the judges of the district courts, county judges, judges of the county courts at law, and justices of the peace.[10]  Although "[i]t is the duty of every magistrate to preserve the peace <u>within his jurisdiction</u> by the use of all lawful means . . .,"[11] the Code denotes no territorial limitations to a magistrate's jurisdiction when issuing a search warrant.  In absence of such limitations, the Code is to be liberally construed to attain the objects of prevention, suppression, and punishment of crime.[12]  When the Code fails to provide a rule of procedure in a given case, the rules of the common law apply.[13]

Most of the cases discussing the jurisdiction of magistrates involve justices of the peace.  When acting as a magistrate, the

---

[7]**American Waste & Pollution Control Co. v. Browning-Ferris, Inc.**, 949 F.2d 1384 (5th Cir. 1991).

[8]Tex. Code Crim. Proc. Ann. art. 18.01(a) (Vernon Supp. 1994).

[9]**O'Quinn v. State**, 462 S.W.2d 583 (Tex.Crim.App. 1970).

[10]See Tex. Code Crim. Proc. Ann. art. 2.09 (Vernon Supp. 1994).

[11]Tex. Code Crim. Proc. Ann. art. 2.10 (Vernon 1977) (emphasis added).

[12]Tex. Code Crim. Proc. Ann. art. 1.26 (Vernon 1977).

[13]Tex. Code Crim. Proc. Ann. art. 1.27 (Vernon 1977).

jurisdiction of a justice of the peace is coextensive with the limits of the county.[14]  In the seminal case of Hart v. State, involving a justice of the peace, the court explained:

> When sitting as an "examining court," the law nowhere limits the magistrate, if he be a justice, to his particular precinct; and, not being limited in this regard, there is no reason why it was not intended that he should hold the court in any portion of the county most convenient for the purposes of the examination as to the commitment or discharge of the accused, whether the place of the sitting be in the precinct of another justice, competent and qualified to act, or not.[15]

The territorial jurisdiction of a justice of the peace is his or her precinct.  The caselaw has extended the jurisdiction of justices of the peace functioning as magistrates, however, to the limits of the county.  This would indicate that the territorial jurisdiction of the justice of the peace depends upon which hat is being worn, that of a justice of the peace or that of a magistrate. We presume to suggest that such a rubric should be "equally so of the judges of the supreme, district, and county courts."[16]

Although by title and office Judge Thompson is a district judge of the 62nd Judicial District, when he issues a search

---

[14]See **Ex parte Clear**, 573 S.W.2d 224 (Tex.Crim.App. 1978) (*en banc*); **Gilbert v. State**, 493 S.W.2d 783 (Tex.Crim.App. 1973); **Hinkley v. State**, 119 Tex.Crim. 254, 45 S.W.2d 581 (1931) (justice acting as magistrate issuing a search warrant); **Hart v. State**, 15 Tex.Ct.App. 202, 49 Am.Rep. 188 (1883) (justice acting as examining court).

[15]15 Tex.Ct.App. at 226-27.

[16]**Childers v. State**, 30 Tex.Ct.App. 160, 16 S.W. 903, 906 (1891).

6

warrant, he is acting as a magistrate[17] by virtue of his office as a district judge,[18] for Judge Thompson's "authority to act in the capacity of magistrate is dependent upon his office."[19] We must therefore examine Judge Thompson's jurisdiction as a district judge to assist in resolving the question of his jurisdiction as a magistrate. His territorial jurisdiction as a magistrate will at least encompass that of a district judge.

The Texas Constitution divides the state into judicial districts.[20] These judicial districts are further defined by the counties encompassed.[21] A district judge's duties, however, are not limited to the district over which he or she presides. For example, Article 1.23 of the Texas Code of Criminal Procedure provides:

> All justices of the Supreme Court, judges of the Court of Criminal Appeals, justices of the Courts of Appeals and judges of the District Courts, shall, by virtue of their offices, be conservators of the peace throughout the State. The style of all writs and process shall be "The State of Texas" . . . .[22]

It is well recognized that district judges hold court for each other for various reasons such as illness, vacation,

---

[17]See **State ex rel. Holmes v. Salinas**, 774 S.W.2d 421 (Tex.App. --Houston [14th Dist.] 1989, no pet.).

[18]See Tex. Code Crim. Proc. Ann. art. 2.09.

[19]**State ex rel. Homes v. Salinas**, 784 S.W.2d 421 (Tex.Crim.App. 1990) (*en banc*).

[20]Tex. Const. art. V, § 7.

[21]Tex. Gov't Code Ann. §§ 24.101 et seq. (Vernon 1988).

[22]Tex. Code Crim. Proc. Ann. art. 1.23 (Vernon Supp. 1994). See also Tex. Const. art. V, § 12.

disqualification, or a buildup or backlog in a particular docket.[23] The Texas Government Code provides for the transfer of cases between district judges within the same county:

> In any county in which there are two or more district courts, the judges of those courts may, in their discretion, either in term time or vacation, on motion of any party or on agreement of the parties, or on their own motion, transfer any civil or criminal case or proceeding on their dockets to the docket of one of those other district courts. The judges of those courts may, in their discretion, exchange benches or districts from time to time.[24]

At the time the search warrant was issued, Red River County had two district judges with concurrent jurisdiction.[25]

More relevant to today's issue, not only may district judges with concurrent jurisdiction transfer cases and exchange benches, but all district judges may exchange benches. Article 5,

---

[23]See Tex. Gov't Code Ann. §§ 24.002 (substitute judge appointed by the governor), 24.003 (substitute judges in counties with five or more district courts for civil cases only), 74.052(a) - 74.062 (assignment of judges under the Court Administration Act) (Vernon 1988).

[24]Tex. Gov't Code Ann. § 24.303(a) (Vernon 1988). This language might indicate that this is the only instance in which district judges may exchange benches or transfer cases; otherwise the statute would be superfluous when read in light of the Texas Constitution. See infra. However, subsection (d) provides: "This section does not limit the powers of the judge when acting for any other judge by exchange of benches or otherwise." See also **Mitchell v. Cornwall**, 314 S.W.2d 437 (Tex.Civ.App.--El Paso 1958, no writ) (holding that the constitutional jurisdiction of a district court cannot be taken away by legislative act).

[25]See Tex. Gov't Code Ann. §§ 24.106(c), 24.204(d) (Vernon 1988). Concurrent jurisdiction can also occur as follows: A judge of District A may go into District B for the purpose of holding court simultaneously with the regularly elected incumbent, both conducting court for District B. See, e.g., **Eucaline Medicine Co. v. Standard Inv. Co.**, 25 S.W.2d 259 (Tex.Civ.App.--Dallas 1930, writ ref'd).

section 11, of the Texas Constitution provides that the "District Judges may exchange districts, or hold court for each other when they may deem it expedient, and shall do so when required by law." No formal action or order is required, nor, in many instances, is it necessary for a docket sheet or minutes to show the reason for the exchange of benches.[26]

Neither the Texas Constitution, Texas statutes, nor Texas jurisprudence limits a district judge when issuing a search warrant to the judicial district he or she has been elected to serve.[27] The Texas legislature has authority to fix the territorial jurisdiction of district judges when they act as magistrates.[28] It has invoked

---

[26]See **Davila v. State**, 651 S.W.2d 797 (Tex.Crim.App. 1983); **R.J. Gallagher Co. v. White**, 709 S.W.2d 379 (Tex.App.--Houston [14th Dist.] 1986, no writ). See also **Mata v. State**, 669 S.W.2d 119 (Tex.Crim.App. 1984). We note that the cases indicating that no formality is required before benches are exchanged involve districts where the courts had concurrent jurisdiction. See, e.g., **Davila v. State**, 794 S.W.2d 518 (Tex.App.--Corpus Christi 1990, no writ) (Neuces County); **Mata**, 669 S.W.2d at 121 (Aransas, Bee, Live Oak, McMullen & San Patricio Counties); **Davila**, 651 S.W.2d at 802 (Teague, J., dissenting) (noting that **Pendleton v. State**, 434 S.W.2d 694 (Tex.Crim.App. 1968) and **Isaac v. State**, 158 Tex.Cr.R. 540, 257 S.W.2d 436 (Tex.Crim.App. 1953), hold that no written order is necessary for one duly elected district judge to preside in the court of another, but do not discuss the requirements for a valid transfer of jurisdiction).

[27]Tex. Const. art. V, § 7; Tex. Gov't Code Ann. §§ 24.001 et seq., 24.101 et seq., 24.301 et seq. (Vernon 1988 & Supp. 1994). Cf. Tex. Gov't Code Ann. § 74.094(d) (Vernon 1988) ("Judges of district courts and statutory county courts may serve as masters and magistrates of courts, other than their own, subject to other provisions of law and court rules.").

[28]See **Pierson v. State**, 177 S.W.2d 975 (Tex.Crim.App. 1944) (while district courts, their jurisdiction, and the qualifications of district court judges are fixed by the Constitution, the legislature is given exclusive authority to create such courts, to fix their territorial jurisdiction, and to determine their number). The ability of the legislature to fix the territorial jurisdiction

9

such power in other contexts, notably in article 18.04 of the Texas Code of Criminal Procedure which requires that a search warrant be executed by a "peace officer of the proper county."[29] The legislature also has limited the territorial jurisdiction of mayors and recorders of incorporated cities or towns to issuing arrest warrants within the county in which the arrest warrant is issued statewide.[30]

District judges are empowered, by the Texas Constitution, to function judicially throughout the state. District judges are unique in that respect. We decline to read into Texas law a limitation of a district judge's powers as a magistrate which does not expressly exist in its positive law. We therefore hold that District Judge Thompson was authorized to issue a search warrant for property located in Red River County.

In response to Conine's suggestion that forum shopping may result from today's ruling, we need only caution that such would be subject to a fourth amendment challenge of the neutrality of the

---

of a district judge in no way detracts from a district judge's ability to sit for a district judge of another district as provided under Tex. Const. art. V, § 11. See **Savage v. Umphres**, 131 S.W. 291 (Tex.Civ.App. 1910) (a district judge of a district not embracing the county in which the contested election was held, sitting in exchange with the judge of that district, could try a case; jurisdiction being conferred on the district court and not its judge).

[29]Tex. Code Crim. Proc. Ann. art. 18.04(3) (Vernon 1977). See **Gilbert v. State**, 493 S.W.2d 783 (Tex.Crim.App. 1973).

[30]Tex. Code Crim. Proc. Ann. art. 15.07 (Vernon Supp. 1994). Arrest warrants issued by all other magistrates extend to any part of the state. See Tex. Code Crim. Proc. Ann. art. 15.06 (Vernon Supp. 1994).

magistrate.  No such charge may lie herein -- the local district judges were unavailable and the officer and assistant district attorney sought a search warrant from the nearest available district judge.[31]  Nor are we persuaded by Conine's contention that district judges should be allowed to issue search warrants only within those counties in which they are elected.  District court judges routinely serve in counties outside their district, a practice upheld as constitutional.[32]

Concluding that the district judge of the 62nd Judicial District had jurisdiction to issue the search warrant for property located in Red River County, we REVERSE and REMAND for further proceedings consistent herewith.

---

[31]We note that if a search warrant is requested to search for and seize property or items constituting evidence of an offense of constituting evidence tending to show that a particular person committed an offense, only a judge of a statutory county court, district court, the court of criminal appeals, or the supreme court may issue the warrant; it cannot be issued by a justice of the peace.  Tex. Code Crim. Proc. Ann. art. 18.01(c) (Vernon Supp. 1994).  An exception under subsection (i) does not apply to the case at bar.  The district court also took judicial notice that Red River County currently has no statutory county court.  Tex. Gov't Code Ann. §§ 25.1961- 25.1970 (Vernon 1988).

[32]See, e.g., **Reed v. State**, 500 S.W.2d 137 (Tex.Crim.App. 1973).