Artemio Orlando SANCHEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 01–10–00433–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 19, 2011.

Discretionary Review Granted
Nov. 9, 2011.

Chip B. Lewis, Houston, TX, for Appellant.

Eric Kugler, Assistant District Attorney of Harris County, Patricia R. Lykos, Harris County District Attorney, Houston, TX, for Appellee.

Panel consists of Justices JENNINGS, HIGLEY, and BROWN.

## OPINION

HARVEY BROWN, Justice.

Artemio Orlando Sanchez appeals his conviction for the misdemeanor offense of driving while intoxicated.[1] After the trial court denied a motion to suppress evidence, Sanchez pleaded guilty. The trial court sentenced Sanchez to confinement in the county jail for one year, probated for two years, and imposed a $700 fine. In his sole issue, Sanchez contends that the trial court erred by denying his motion to suppress evidence of the results of his blood test because a search warrant may not be issued by a statutory county court judge for execution in a different county. We reverse and remand.

## Background

Shortly after midnight on March 22, 2009, Officer Lucas of the Houston Police Department was dispatched to a single vehicle accident on Scarsdale Road, in Harris County. When he arrived, he observed a Ford Mustang with a heavily damaged front end. Lucas spoke with the passenger who told him that Sanchez had lost control of his vehicle and driven over a curb into a retaining wall. Sanchez confirmed he was driving at the time of the accident. Officer Lucas noticed a strong odor of alcohol on Sanchez as well as bloodshot eyes, slurred speech, and poor balance.

Lucas contacted Officer Fitts to assist in the investigation. Fitts also observed that Sanchez had bloodshot eyes, slurred speech, and poor balance. When Fitts asked Sanchez if he had been drinking, Sanchez replied that he had had a couple of beers. Fitts began performing field sobriety tests on Sanchez, including the horizontal gaze nystagmus (HGN) test, the walk and turn test, and the one leg stand test. Sanchez refused to cooperate during the HGN test and exhibited several clues of intoxication during the other two tests. Fitts concluded that Sanchez was intoxicated and arrested him. After transporting Sanchez to "central intox," Fitts asked if he would provide a sample of his breath. Sanchez declined.

Because Sanchez had refused the breath test, Fitts sought a search warrant for Sanchez's blood. The warrant was signed by the judge of the County Court at Law

---

1. See TEX. PENAL CODE ANN. § 49.04(a) (West 2003).

Number 5 of Montgomery County. Sanchez's blood was drawn revealing a blood alcohol concentration of 0.163, over twice the limit of per se intoxication.

Sanchez was charged with driving while intoxicated. Sanchez filed a motion to suppress the evidence of the blood test results. The trial court denied the motion, and Sanchez pleaded guilty with an agreed recommendation on punishment. The trial court sentenced Sanchez to one year in the county jail, probated for two years, and fined him $700. Sanchez filed a notice of appeal and the trial court certified his right to appeal the matters raised in the motion to suppress evidence.

### Applicable Law

This case presents a novel question of law: May the judge of a statutory county court, acting as a magistrate, sign a search warrant to be executed in a county other than the county in which the judge serves? In his sole issue on appeal, Sanchez contends that the trial court erred by denying his motion to suppress because the statutory county court judge in Montgomery County did not have jurisdiction to sign a search warrant for evidence located in Harris County. As discussed below, a district court judge acting as a magistrate has authority to sign a warrant to be executed outside the county in which the judge was elected, but a justice of the peace acting as a magistrate does not have such authority. We must decide whether a judge of a statutory county court has such authority.

### 1. Standard of Review

■ We review a trial court's ruling on a motion to suppress for abuse of discretion. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex.Crim.App.2008). We must view the evidence in the light most favorable to the trial court's ruling. *Id.* As such, we give "almost total deference" to a trial court's determination of historical facts. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App.2000). We review de novo application of the law of search and seizure. *Id.* The facts in this case are undisputed and we are asked to decide a question of law relating to search and seizure. Therefore, our review is de novo. *See Id.*

### 2. Authority to issue and execute search warrants

A search warrant is defined, in pertinent part, as "a written order, issued by a magistrate and directed to a peace officer, commanding him to search for any property or thing and to seize the same and bring it before such magistrate...." TEX.CODE CRIM. PROC. ANN. art. 18.01 (West Supp. 2010). Article 2.09 of the Code of Criminal Procedure, entitled "Who Are Magistrates," includes district court judges, county judges, statutory county court judges, and justices of the peace, as well as mayors and recorders and the judges of the municipal courts of incorporated cities or towns. TEX.CODE CRIM. PROC. ANN. art. 2.09 (West Supp.2010). Under article 2.10, which describes the "Duty of magistrates," the statutory county court has "the duty ... to preserve the peace within his jurisdiction by the use of all lawful means" and "to issue all process intended to aid in preventing and suppressing crime." TEX. CODE CRIM. PROC. ANN. art. 2.10 (West 2005). Although the Code of Criminal Procedure requires a magistrate to preserve the peace "within his jurisdiction," it does not specify the jurisdiction for a magistrate. *See United States v. Conine*, 33 F.3d 467, 469 (5th Cir.1994).

Regardless of the issuing authority, search warrants must be *executed* by a peace officer with jurisdiction in the locale searched. *See* TEX.CODE CRIM. PROC. ANN. art. 18.04(3) (West 2005) (requirements of search warrant include that it "command

any peace officer *of the proper county* to search. . . .") (emphasis added); *see also Keen v. State*, 626 S.W.2d 309, 313 (Tex. Crim.App.1981) (holding as long as an officer with jurisdiction was present, search warrant was validly executed, although some officers were acting outside of their jurisdiction); *Rivera v. State*, 730 S.W.2d 824, 826 (Tex.App.-Houston [14th Dist.] 1987, pet. ref'd), *cert. denied*, 485 U.S. 978, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988) (same).

### 3. Authority to issue and execute arrest warrants

In contrast to the provisions of chapter 18 of the Code of Criminal Procedure governing search warrants, article 15.06 expressly provides that an arrest warrant issued by "any magistrate" may be executed by "any peace officer" in "any county."[2] Tex.Code Crim. Proc. Ann. art. 15.06 (West 2005). This plain language has been acknowledged by the courts. *See Christopher v. State*, 489 S.W.2d 575, 577 (Tex. Crim.App.1973) (holding Menard County sheriff acted lawfully when he executed arrest warrant in Tom Green County); *O'Hara v. State*, 837 S.W.2d 139, 146 (Tex. App.-Austin 1992, pet. ref'd) (arrest lawful when Garden City officer executed arrest warrant in San Antonio).

### 4. Authority of district court judges

■ A judge of a district court, when acting as a magistrate, may issue a search warrant that is valid and may be executed throughout the State. *See Conine*, 33 F.3d at 471; *Green v. State*, 880 S.W.2d 198, 201 (Tex.App.-Texarkana 1994, no pet.). Both cases involved search warrants issued by the judge of the 62nd Judicial District in Hopkins and Lamar counties, which were executed in Red River County. *See Conine*, 33 F.3d at 468; *Green*, 880 S.W.2d at 201. In each case, the defendant challenged the validity of the warrant.

The court of appeals in *Green* stated that "[t]he jurisdiction of a justice of the peace when acting as a magistrate is limited to the county in which the court sits [but] [w]e find no cases or statutes limiting a district court to endorsing search warrants only within the counties covered by that court's judicial district." *Green*, 880 S.W.2d at 201. The court continued, "The district court, being a state court, has the jurisdiction provided by Article V, section 8 of the Texas Constitution."[3] *Id.* The court overruled the challenge without further discussion. *Id.* Thus, under *Green*, a district court judge acting as a magistrate has state-wide jurisdiction for issuing search warrants.

In *Conine*, the Fifth Circuit agreed that a district court judge may issue a search

---

2. Article 15.06 provides, in full,

  A warrant of arrest, issued by any county or district clerk, or by any magistrate (except mayors of an incorporated city or town), shall extend to any part of the State; and any peace officer to whom said warrant is directed, or into whose hands the same has been transferred, shall be authorized to execute the same in any county in this State. Tex.Code Crim Proc. Ann. art. 15.06 (West 2005). Article 15.07 provides that, with certain exceptions, an arrest warrant issued by a mayor of an incorporated city or town is limited to the county of issuance. Tex.Code Crim. Proc. Ann. art. 15.07 (West 2005).

3. Article V, section 8 of the Texas Constitution provides, in pertinent part,

  District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.

  Tex. Const. art. V, § 8.

warrant for execution anywhere in Texas. The court began its analysis by examining the territorial jurisdiction of a district judge because "[h]is territorial jurisdiction as a magistrate will at least encompass that of a district judge." *Conine*, 33 F.3d at 470. This is because a district judge, when issuing a search warrant, is acting as a magistrate, "by virtue of his office as a district judge" and his " 'authority to act in the capacity of magistrate is dependent upon his office.' " *Id.* (citing TEX.CODE CRIM. PROC. ANN. art. 2.09, *State ex rel. Holmes v. Salinas*, 784 S.W.2d 421 (Tex. Crim.App.1990) (orig. proceeding), and *State ex rel. Holmes v. Salinas*, 774 S.W.2d 421 (Tex.App.-Houston [14th Dist.] 1989, orig. proceeding)).

■■■ Next, the court noted, that, although Texas is divided into judicial districts, which are defined by county, a district judge's duties are not limited to the district over which the judge presides. *Id.* (citing TEX. CONST. art. V, § 7 and TEX. GOV'T CODE § 24.101 et seq.). As an example, the court quoted article 1.23 of the Code of Criminal Procedure: "All justices of the Supreme Court, judges of the Court of Criminal Appeals, justices of the Courts of Appeals and judges of the District Courts, shall, by virtue of their offices, be conservators of the peace throughout the State." TEX.CODE CRIM. PROC. ANN. art. 1.23 (West 2005). The court also noted that "all district judges may exchange benches." *Conine*, 33 F.3d at 471; *see* TEX. CONST. art. V, § 11 ("District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law."). A district court may exchange benches without any formal action or order, and the record or the docket sheet need not show the reason for the exchange of benches. *Conine*, 33 F.3d at 471 (citing, inter alia, *Mata v. State*, 669 S.W.2d 119

(Tex.Crim.App.1984) and *Davila v. State*, 651 S.W.2d 797 (Tex.Crim.App.1983)); *see also Celestine v. Dep't of Family & Protective Servs.*, 321 S.W.3d 222, 227 (Tex.App.-Houston [1st Dist.] 2010, no pet.) (recognizing, in civil case, authority for district courts to exchange benches) (citing *In re U.S. Silica Co.*, 157 S.W.3d 434, 439 (Tex. 2005)). Finally, the court also noted, "Neither the Texas Constitution, Texas statutes, nor Texas jurisprudence limits a district judge when issuing a search warrant to the judicial district he or she has been elected to serve." *Id.*

The Fifth Circuit concluded, "District judges are empowered, by the Texas Constitution, to function judicially throughout the state. District judges are unique in that respect." *Id.* The court, "declin[ing] to read into a Texas law a limitation of a district judge's powers as a magistrate which does not expressly exist in its positive law," held that the 62nd Judicial District judge was authorized to issue the search warrant for Red River County. *Id.*

### 5. Authority of justices of the peace

■■■ A justice of the peace is a magistrate. TEX.CODE CRIM. PROC. ANN. art. 2.09. "[T]he jurisdiction of a justice of the peace, when acting as a magistrate, is coextensive with the limits of his county." *Gilbert v. State*, 493 S.W.2d 783, 784 (Tex.Crim.App. 1973); *see also Ex parte Clear*, 573 S.W.2d 224, 228 (Tex.Crim.App.1978) (orig. proceeding) (same); *Bitner v. State*, 135 S.W.3d 906, 907 (Tex.App.-Fort Worth 2004, pet. ref'd) (same). "Coextensive" means "extending over the same space or time; corresponding exactly in extent." THE NEW OXFORD AMERICAN DICTIONARY 331 (2001). A justice of the peace does not have jurisdiction to issue a search warrant for execution outside of the justice's coun-

ty.[4] *See Green*, 880 S.W.2d at 201 ("The jurisdiction of a justice of the peace when acting as a magistrate is limited to the county in which the court sits"). This conclusion is bolstered by the Legislature's decision to expressly provide for the state-wide validity of arrest warrants when signed by any magistrate, except mayors of an incorporated city or town. TEX.CODE CRIM. PROC. ANN. art. 15.06. If there were no question concerning limits to a magistrate's geographical jurisdiction, such a provision would be unnecessary. *See Badgett v. State*, 42 S.W.3d 136, 139 (Tex.Crim. App.2001) (stating "the cardinal rules of statutory construction: statutes are to be construed, if at all possible, so as to give effect to all of its parts, and so that no part is to be construed as void or redundant"). No such provision exists concerning search warrants for a justice of the peace, or any other magistrate.

### 6. Authority of statutory county court judges

We begin by examining the jurisdiction of the statutory county courts. Under the Texas Constitution, "The judicial power of this State [is] vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law." TEX. CONST. art. V, § 1. The Texas Constitution also authorizes the legislature to "establish such other courts as it may deem necessary and prescribe [their] jurisdiction . . ." *Id.* Texas courts that are listed in the constitution are referred to as "constitutional courts"; courts that are created by the Legislature under its power to create "other courts" are referred to as "statutory courts." *Clute Apartments 1, Ltd. v. Lorson*, No. 01–09–00514–CV, 2010 WL 5186913, at *2 (Tex.App.-Houston [1st Dist.] Dec. 23, 2010, no pet.) (mem.op.) (citing 1 Roy W. McDonald & Elaine A. Grafton Carlson, TEXAS CIVIL PRACTICE § 3:3 (2d ed.2004)). A county court at law, such as the court at issue here, is a "statutory county court." *See* TEX. GOV'T CODE ANN. § 21.009(2) (West 2004).

■ Our constitution delegates to the Legislature the determination of the jurisdiction of statutory county courts. TEX. CONST. art. V, § 1. In contrast, the Texas Constitution grants district courts "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8. Thus, district courts are courts of general jurisdiction and are presumed to have subject-matter jurisdiction over all claims unless a contrary showing is made. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000).

Section 25.0003 of the Texas Government Code states that statutory county courts have jurisdiction over all criminal proceedings prescribed by law for county courts. TEX. GOV'T CODE ANN. § 25.0003(a) (West Supp.2010). It has specific original jurisdiction over certain criminal matters.

4. This has been referred to as an untested "assumption." 40 George E. Dix & Robert O. Dawson, *Texas Practice Series: Criminal Practice and Procedure* § 6.53 (2d ed.2001). The commentary also states, "Case law assumes the jurisdiction of a justice of the peace acting as a magistrate is coextensive with the limits of the county." *Id.* n. 3. This latter proposition does not seem to us to be an assumption; rather, it is the express language employed by the Texas Court of Criminal Appeals. *See Gilbert v. State*, 493 S.W.2d 783, 784 (Tex. Crim.App.1973) ("[T]he jurisdiction of a justice of the peace, when acting as a magistrate, is coextensive with the limits of his county.").

*See* Tex. Gov't Code Ann. § 26.045 (West Supp.2010). And this statutory county court has concurrent jurisdiction with the district court over certain limited civil matters in Montgomery County. *See* Tex. Gov't Code Ann. § 25.1722(a) (West 2004). But none of these provisions grant the statutory county court jurisdiction to issue search warrants statewide.

**Does a statutory county court judge have the authority to issue a search warrant to be executed in a county other than county of the judge's court?**

■ The State argues that the absence of any law expressly prohibiting a judge of a statutory county court, acting as a magistrate, from issuing a search warrant to be executed in a different county supports the conclusion that a statutory county court judge has such authority. *Cf. Green*, 880 S.W.2d at 201 (noting absence of any limit on authority of district court); *Conine*, 33 F.3d at 470 (same).

We believe that the absence of a limitation is not, however, the critical inquiry. The issue is whether the Legislature has granted such authority to the statutory county courts because statutory county courts only have the jurisdiction that the Legislature confers. Tex. Const. art. V, § 1. No provision granted such authority at the time in question.[5] First, as noted above, the provisions of the Code of Criminal Procedure relating to arrest warrants

expressly authorize—with limited exceptions—that any magistrate may issue an arrest warrant that may be executed throughout the State. The Legislature declined to make any such express provisions for search warrants.

Additionally, unlike district judges, who may act for one another, with no geographical restrictions, Tex. Const. art. V, § 11, no such grant of authority exists for statutory county court judges.

Finally, the Legislature's actions at the time in question regarding county courts confirm that those courts have limited jurisdiction. The Legislature has provided that the presiding judge of an administrative judicial region may appoint judges as "necessary to dispose of accumulated business in the region." Tex. Gov't Code Ann. § 74.052(a) (West 2005). However, the Legislature has also specified that "[a]n active statutory county court judge may not be assigned to hear a matter pending in a district court outside the county of the judge's residence."[6] Tex. Gov't Code Ann. § 74.054(b) (West 2005). Similarly, the Legislature has expressly authorized statutory county court judges and district court judges to act in each other's courts; however, that power is limited to "hear and determine a matter pending in any district or statutory county court *in the county*."[7] Tex. Gov't Code Ann. § 74.094(a) (West 2005) (emphasis added).

---

5. Sanchez was arrested and the warrant issued in March 2009. Effective September 1, 2009, the Legislature amended article 18.01 of the Code of Criminal Procedure, providing "[a]ny magistrate who is an attorney licensed by this state may issue a search warrant" for a blood specimen for a person arrested for driving while intoxicated (among other offenses) and who refuses to submit to a breath or blood alcohol test. Tex.Code Crim. Proc. Ann. art. 18.01(j) (West Supp.2010).

6. To qualify as a statutory county court judge, the judge must, in addition to other require-

ments, have resided in the county for at least two years before the election or appointment. Tex. Gov't Code Ann. § 25.0014(2) (West 2004).

7. The State argues that section 74.094 provides that statutory county courts "are considered the same as district courts with regard to sitting as a magistrate outside the bench's home county." As noted above, the express language of the statute limits the power to hear and determine a matter pending to "in the county." Tex. Gov't Code Ann. § 74.094(a) (West 2005). The provision relating to acting as a magistrate states, "Judges of district

The Texas Constitution does not provide for jurisdiction or powers of statutory county courts or their judges as it does with district courts and judges. Statutory county courts and their judges derive their jurisdiction and authority from the Legislature. We conclude the Legislature has limited a statutory county court judge's authority to acting within the county of the court. Accordingly, we hold that the trial court erred by denying Sanchez's motion to suppress the evidence obtained as a result of the search warrant issued by a judge of a statutory county court of Montgomery County to be executed in Harris County.

We sustain Sanchez's sole issue.

## Conclusion

We reverse the judgment of the trial court and remand this cause.

---

courts and statutory county courts may serve as masters and magistrates of courts, other than their own, subject to other provisions of law and court rules." *Id.* § 74.094(d). As discussed earlier, "other provisions of law" limit a statutory county court to acting "in the county."