IN THE COURT OF CRIMINAL APPEALS 

OF TEXAS





NO. PD-1264-11






ARTEMIO ORLANDO SANCHEZ, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Hervey, J., delivered the opinion of the Court in which Keller, P.J., and
Price, Womack, Johnson, Keasler, and Cochran, JJ., joined. Meyers, J., filed a
dissenting opinion. Alcala, J., not participating.


O P I N I O N 



 The State asks this Court to reverse the judgment of the court of appeals, which
held that a blood-draw search warrant to be executed in a designated county may not be
issued by a statutory county court judge of another county. Sanchez v. State, No. 01-10-00433-CR, 2011 Tex. App. LEXIS 3824 (Tex. App.--Houston [1st Dist.] May 19, 2011). 
We granted the State's petition for discretionary review and will affirm the judgment of
the court of appeals.

BACKGROUND

 Appellant, Artemio Orlando Sanchez, was involved in a single-vehicle accident in
Harris County shortly after midnight on March 22, 2009. The only passenger in the
vehicle told officers that Appellant lost control of the vehicle, drove over a curb, and
crashed into a retaining wall. Appellant admitted to operating the vehicle at the time of
the accident and confirmed that he had "consumed a couple of beers" prior to the
accident. During field sobriety tests, Appellant exhibited several clues of intoxication. 
He was arrested and transported to "central intox." Appellant refused to provide a breath
sample, and an officer sought a search warrant to measure his blood alcohol content. For
reasons undisclosed in the record, the warrant was signed by a statutory county court
judge from Montgomery County, (1) and the warrant, on its face, commanded an officer of
the peace to seize Appellant in Harris County and to draw his blood. Appellant's blood
alcohol content was 0.163, which is more than twice the legal limit.

 Subsequently, Appellant was charged with DWI as a second offender. He filed a
motion to suppress the blood test results, but it was denied by the trial court. Appellant
pled guilty, and the trial court sentenced him to confinement for one year in the county
jail, probated for two years, and assessed a $700 fine.

 On appeal, Appellant's sole issue for review contended that the statutory county
court judge in Montgomery County lacked authority to issue a search warrant for
Appellant's blood in Harris County. Sanchez, 2011 Tex. App. LEXIS 3824, at *1. The
First Court of Appeals reversed the judgment of the trial court because it concluded that
no statutory provision expressly grants statewide authority for statutory county court
judges to issue a search warrant. Id. at *18-19.

 We granted the State's petition for discretionary review to determine whether a
statutory county court judge from one county can issue a search warrant to be executed in
another county. Specifically, the State's grounds for review are as follows:

 (1) The court of appeals erred in holding that a statutory county court
judge's authority is limited to acting solely within the county of the court.

 (2) The court of appeals erred in holding that a statutory county court judge
could not issue a blood search warrant for a DWI suspect located in another
county.


ARGUMENTS OF THE PARTIES The State argues that there is no explicit geographical limitation to the jurisdiction
of a statutory county court judge. See Tex. Code Crim. Proc. arts. 18.01-.05. According
to the State, because the Legislature placed jurisdictional limitations in some statutory
provisions, but not in Chapter 18 of the Texas Code of Criminal Procedure (which
addresses search warrants), the Legislature intended for statutory county courts to have
statewide jurisdiction. See id. arts. 18.20-.21. Furthermore, the State asserts that, because
Harris County and Montgomery County are in the same administrative judicial region, (2)
the statutory scheme granting authority to statutory county court judges allows them to act
outside of their county, if they are acting within their administrative region.

 Alternatively, the State contends that a blood search warrant is effectively an arrest
warrant, (3) so a statutory county court has authority to issue both types of warrants. The
State contends that, since the warrants can be combined, both warrants are subject to
statewide issuance. The State also argues that, although the warrant in this case was
labeled a "search warrant," its effect was the same as an arrest warrant, thus allowing for
statewide issuance. See Hinkley v. State, 119 Tex. Crim. 254, 256, 45 S.W.2d 581, 582
(1931); Powell v. State, 898 S.W.2d 821, 826-27 (Tex. Crim. App. 1994).

 In contrast, Appellant argues that the statutory county court judge in this case
lacked statewide authority because the Texas Constitution and the Texas Legislature
explicitly provide statewide jurisdiction for district court judges, but they do not do so for
statutory county court judges. Tex. Const. art. V, § 11; Tex. Code Crim. Proc. art.
1.23. Appellant also argues that, although some statutory provisions allow judges in
certain county courts to exchange benches, such power is limited to their county. See
Tex. Gov't Code § 25.0012. Appellant contends that, if the Legislature intended for
judges of statutory county courts to have statewide authority, it would not have limited the
ability of those judges to exchange benches. Appellant also points out that the
Legislature excluded county courts at law from the list of magistrates designated as
"conservators of the peace throughout the State." See Tex. Code Crim. Proc. art. 1.23.

 Finally, Appellant argues that a search warrant for his blood is not the same as an
arrest warrant and that, even if it were, it would not authorize the search and seizure of
Appellant's blood because search warrants and arrest warrants are distinguishable, with
different jurisprudence governing each. See State v. Hardy, 963 S.W.2d 516, 526 (Tex.
Crim. App. 1997); see also Schmerber v. California, 384 U.S. 757, 769-70 (1966)
(holding that drawing the blood of a defendant is considered a search under the Fourth
Amendment). 

ANALYSIS

 The Fourth Amendment protects individuals against unreasonable searches and
seizures. U.S. Const. amend IV. The non-consensual extraction of blood implicates
privacy rights and falls within the protections of the Fourth Amendment. Schmerber, 384
U.S. at 758-59. Although a blood draw constitutes a search under the Fourth
Amendment, the Constitution will not be offended if the draw occurs pursuant to a valid
search warrant. Beeman v. State, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002). 
Accordingly, in this case, we are asked to determine whether the search warrant, issued in
Montgomery County, was valid for the blood draw in Harris County.

 The Texas Constitution distributes judicial power among several defined courts
and "other courts" that the Texas Legislature may deem necessary. (4) These "other courts"
are known as statutory courts. Tex. Code Crim. Proc. arts. 2.09-.10. The search warrant
in this case was issued by a judge of a statutory county court. Statutory county court
judges are magistrates, and the duty of a magistrate is "to preserve the peace within his
jurisdiction . . . ." Id. art. 2.10 (emphasis added).

 The Texas Constitution delegates to the Legislature the power to establish the
jurisdiction of statutory county courts. Compare Tex. Const. art. V, § 1, with Tex.
Const. art. V, § 8 (expressly defining the jurisdiction of district courts), and United
States v. Conine, 33 F.3d 467, 471 (5th Cir. 1994) ("District judges are empowered, by
the Texas Constitution, to function judicially throughout the state. District judges are
unique in that respect."). Generally, "[a] statutory county court has jurisdiction over all
causes and proceedings, civil and criminal, original and appellate, prescribed by law for
county courts." Tex. Gov't Code § 25.0003(a). The Government Code provides that
statutory county courts have specific jurisdiction over certain criminal matters (5) and the
Montgomery County court here has concurrent jurisdiction with the district court over
certain limited civil matters. Id. § 25.1722(a).

 In no statute has the Legislature expressly granted statutory county courts the
jurisdiction to issue a search warrant to be executed in another county. (6) Although the
Texas Code of Criminal Procedure explicitly authorizes that any magistrate may issue an
arrest warrant, which can be executed statewide, the Legislature has declined to create
such a provision for search warrants. See Tex. Code Crim. Proc. art. 15.06 ("A warrant
of arrest, issued . . . by any magistrate . . . shall extend to any part of the State."). As
noted by the Fifth Circuit in Conine, a magistrate acts "by virtue of his office." Conine,
33 F.3d at 470. Thus, here, although the Montgomery County judge is a magistrate, his
authority to act is defined by his office as a statutory county court judge. That office has
not been given statewide jurisdiction by the Legislature for search warrants.

 Further, although the Legislature has not expressly prohibited a statutory county
court from issuing a search warrant to be executed in another county, it has consistently
limited or elected not to expand the jurisdiction of statutory county courts. For example,
the Legislature has expressly authorized statutory county court judges and district court
judges to act in each other's courts, but this authority is limited to matters pending within
the county of the judge's bench. Tex. Gov't Code § 74.094(a). Similarly, the
Legislature has provided that some judges may be assigned as "necessary to dispose of
the accumulated business" in their administrative region. Id. § 74.052. However, a
statutory county court judge may not be assigned to hear a matter pending in a district
court outside the county of the judge's residence. Id. § 74.054(b). In addition, while
district court judges are allowed to exchange benches without geographical restrictions,
the Legislature has not extended that same privilege to statutory county court judges. See
Tex. Const. art. V, § 11 ("And the District Judges may exchange districts, or hold courts
for each other when they may deem it expedient, and shall do so when required by law."). 
Finally, and of crucial importance, Article 1.23 of the Texas Code of Criminal Procedure
specifically lists the judicial positions that have statewide authority, including the judges
of the Court of Criminal Appeals, justices of the Texas Supreme Court, justices of the
courts of appeals, and judges of the district courts. Tex. Code Crim. Proc. art. 1.23. 
Statutory county court judges are omitted. 

 As stated previously, statutory county courts have only the jurisdiction that the
Legislature confers. Tex. Const. art. V, § 1. When the relevant statutory provisions are
read together, a statutory county court judge is limited to acting within the county of his
court unless expressly authorized to act beyond that county. A statutory county court
judge lacks jurisdiction to issue a search warrant to be executed outside of his own
county. (7) The Texas Legislature has not expressly granted such authority, and although it
has not expressly prohibited that authority, it has consistently indicated that statutory
county courts are courts of limited jurisdiction.

 Here, the record reflects that the warrant executed in Harris County was signed by
a statutory county court judge from Montgomery County. The Montgomery County judge
did not have jurisdiction to issue a search warrant for an individual "to be found in Harris
County" because such action reached beyond the Montgomery County line. Therefore,
the search warrant for Appellant's blood draw was invalid.

 The State's argument asserting that the search warrant should be treated as an
arrest warrant is without merit. The State ignores the practical differences between an
arrest warrant and a search warrant. An arrest warrant protects an individual from an
unreasonable seizure of his person and can be issued statewide based upon the
assumption that a person is not likely to stay in the geographical proximity of his alleged
offense for an extended time. See Steagald v. United States, 451 U.S. 204, 213 (1981);
id. at 225 (Rehnquist, J., dissenting). In contrast, a search warrant is issued to protect an
individual from an unreasonable search when the particular location of the item is
ascertainable. Id. at 213. These differences arise because a search affects a person's
privacy interests, whereas a seizure only affects a person's possessory interests and is
generally less intrusive than a search. See Segura v. United States, 468 U.S. 796, 806
(1984). Consequently, in this case, an arrest warrant would allow police to arrest
Appellant but not to draw a sample of his blood. The compelled extraction of blood
infringes on Appellant's expectation of privacy, (8) so before that sample could be taken, a
search warrant (not an arrest warrant) was necessary to protect Appellant from an
unreasonable search of his blood. 

CONCLUSION

 The First Court of Appeals did not err in determining that a statutory county court
judge in Montgomery County lacked authority to issue a search warrant for Appellant's
blood in Harris County. Statutory county court judges lack the authority to issue a search
warrant to be executed outside of their own county. We affirm the judgment of the court
of appeals.

 Hervey, J.

Delivered: May 16, 2012

Publish
1. The warrant was issued by the County Court at Law Number Five of Montgomery
County, which is a statutory county court. See Tex. Gov't Code § 25.1721 (listing the five
statutory county courts in Montgomery County).
2. Tex. Gov't Code § 74.042(c) (showing that Harris County and Montgomery County
are in the same administrative judicial region).
3. Tex. Code Crim. Proc. art. 18.03 (allowing for a search warrant to order the arrest of a
person, given the existence of probable cause). 
4. Article V, Section 1 of the Texas Constitution states, 

 The judicial power of this State shall be vested in one Supreme Court, in one
Court of Criminal Appeals, in Courts of Appeals, in District Courts, in
County Courts, in Commissioners Courts, in Courts of Justices of the Peace,
and in such other courts as may be provided by law. 

 Tex. Const. art. V, § 1.
5. Tex. Gov't Code § 26.045 (delineating the criminal matters over which county courts
have specific jurisdiction). 
6. Effective September 1, 2009, the Code of Criminal Procedure provides that "[a]ny
magistrate who is an attorney licensed by this state may issue a search warrant" for a blood
specimen of a person arrested for driving while intoxicated and who refuses to submit a breath or
blood alcohol test. Tex. Code Crim. Proc. art. 18.01(j). However, this provision does not
speak to the magistrate's jurisdiction--it confers only the specific power articulated. 
7. Some statutory county courts are composed of more than one county. Tex. Gov't
Code §§ 25.2601-.2606. The laws relating to statutory county courts (including those articulated
above) apply equally, with minor exceptions, to such multicounty statutory county courts. Id.
§§ 25.2601(b), 25.2606. Therefore, the jurisdiction of a multicounty statutory county court to
issue a search warrant encompasses, but is limited to, the counties of which it is composed.
8. See Skinner v. Ry. Labor Execs.' Ass'n, 489 U.S. 602, 615-17 (1989); Schmerber, 384
U.S. at 769-70.