# NO. 12-17-00337-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ERNEST MOSLEY HARRIS, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Ernest Mosley Harris, Jr. appeals his conviction for aggravated assault with a deadly weapon. He presents two issues on appeal. We affirm.

### BACKGROUND

Appellant was arrested and charged by indictment with aggravated assault with a deadly weapon. The trial court's scheduling order set Appellant's plea agreement docket hearing for July 3, 2017, and trial for July 10, 2017. On June 30, Appellant's trial counsel filed a motion for continuance of the plea agreement docket hearing and trial setting. At a hearing on the motion, trial counsel stated that he needed to review additional evidence that was in the sheriff's department's possession. He believed that Appellant's cellular telephone contained messages between the complaining witness and Appellant that would help "reach a resolution." He further requested trial be reset due to a prescheduled vacation. The trial court reset the trial date but denied the motion to continue the plea agreement deadline. When court reconvened for trial on July 10, Appellant pleaded "not guilty" and stated that he wanted to proceed to trial without accepting the State's plea bargain offer.

Appellant's case proceeded to a jury trial with the Honorable Kerry Russell of the 7th Judicial District Court in Smith County, Texas. However, when the trial reconvened on the

morning of jury argument, Judge Russell was not present and the Honorable Jack Skeen, Jr. of the 241st Judicial District Court in Smith County, Texas, was presiding. Judge Skeen stated that Judge Russell had to travel to McKinney on a personal matter and that he would be presenting the jury charge and presiding over the argument portion of the trial. During the State's rebuttal, Appellant's trial counsel objected to a portion of the argument claiming it was outside the record. Judge Skeen overruled the objection. The jury subsequently found Appellant "guilty" and, following the punishment phase, sentenced Appellant to twenty years imprisonment. Appellant filed a motion for new trial and motion in arrest of judgment, which was denied. This appeal followed.

## SUBSTITUTION OF TRIAL JUDGE AND IMPROPER JURY ARGUMENT

In his first issue, Appellant argues that the substitution of the trial judge for the argument portion of the guilt/innocence phase of trial was error. Specifically, Appellant urges that Judge Skeen was not familiar with the evidence and Judge Russell's previous rulings and erred by overruling his objection to improper jury argument.

### Applicable Law

District judges may exchange districts, or hold courts for each other when they deem it expedient, and shall do so when required by law. TEX. CONST. art. V, § 11. If a district judge in the county is sick or otherwise absent, another district judge in the county may hold court for the judge. TEX. GOV'T CODE ANN. § 24.003(c) (West Supp. 2017). A district judge in a county may hear and determine any part or question of any case or proceeding pending in any of the district courts, and any other district judge may complete the hearing and render judgment in the case or proceeding. *Id.* § 24.003(d). It is not necessary that a formal order be entered for the judge of one district court to preside over a case in place of a duly elected judge, nor is it necessary for the docket sheet or minutes to show the reason for the exchange of benches by district judges. *Davila v. State*, 651 S.W.2d 797, 799 (Tex. Crim. App. 1983).

Permissible jury arguments fall within four general areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). A prosecutor may not use closing argument to present evidence to the jury that is outside the record and prejudicial to the accused. *Borjan v. State*, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990). To

2

determine if the prosecutor made an improper argument, we consider the entire argument in context. *See **Rodriguez v. State***, 90 S.W.3d 340, 364 (Tex. App.—El Paso 2001, pet. ref'd).

**Analysis**

The indictment alleged that Appellant intentionally, knowingly, and recklessly caused bodily injury to Charles Harris by striking him with a knife. During closing argument, the prosecutor stated the following:

> …Because when you look at what happened, right, with stabbing his brother-in-law, right, stabbing him in the leg, stabbing him in the chest, and then you look at the knife that was found -- right?
> Deputy Terrazas says it's wet. And you'll notice that Mr. Thorson kind of missed that part in his closing argument. He didn't talk about the knife being wiped off and the baby wipe being in the trash can with blood on it. He didn't mention that….

Defense counsel objected, "He's arguing outside the record. There's no evidence there was blood on it." Judge Skeen overruled the objection.

On appeal, Appellant complains that the prosecutor referred to evidence outside the record when he stated that the baby wipe was found in the trash can "with blood on it." He further argues that Judge Skeen was unfamiliar with the evidence and, therefore, improperly overruled the objection to the State's argument. As a result, he complains that Judge Skeen should not have presided over the argument at the guilt/innocent phase of trial. We disagree with Appellant's arguments for the following reasons.

First, Judge Skeen, as a district judge in the same county, is authorized to preside over a portion of the trial. *See* TEX. GOV'T CODE ANN. § 24.003(c),(d). "District judges are empowered, by the Texas Constitution, to function judicially throughout the state." ***U.S. v. Conine***, 33 F.3d 467, 471 (5th Cir. 1994). Thus, we reject Appellant's contention that Judge Skeen should not have presided over closing arguments at the guilt/innocence phase of trial. *See* TEX. GOV'T CODE ANN. § 24.003(c),(d); *see also* TEX. CONST. art. V, § 11.

Second, the prosecutor's argument falls within one of the permissible areas. Defense counsel objected that the prosecutor's closing argument fell outside the record because there was "no evidence there was blood on [the knife]." According to Appellant, the State's argument violated Judge Russell's ruling prohibiting testimony that testing was performed on the knife. However, we do not construe the State's argument as regarding testing of the knife. Rather, Officer Jose Terrazas of the Smith County Sheriff's Department testified that the knife appeared

3

to have been wiped, which is why he looked in the trash can. Officer Terrazas further testified, without objection, that he found a baby wipe, which appeared to have blood on it, in the trash can. As a result of Officer Terrazas's testimony, we conclude that the State's argument constituted a permissible summation of the evidence introduced at trial and Judge Skeen did not abuse his discretion in overruling Appellant's objection. *See Brown*, 270 S.W.3d at 570; *see also Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000). We overrule Appellant's first issue.

## MOTION FOR CONTINUANCE

In his second issue, Appellant contends Judge Russell erred in denying his request to continue the plea agreement deadline contained in the scheduling order.

### Standard of Review and Applicable Law

The granting or denying of a motion for continuance is within the sound discretion of the trial court. *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006). To establish reversible error on the denial of a pretrial motion for continuance, Appellant must show that the trial court erred in denying his motion for continuance and that, as a result, he suffered actual harm. *Gonzalez v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010).

A defendant does not have an absolute right to enter into a plea bargain. *Morano v. State*, 572 S.W.2d 550, 551 (Tex. Crim. App. 1978). A trial judge may refuse to allow plea bargaining and may refuse to allow a prosecutor to offer recommendations concerning the punishment to be assessed. *Id.*

### Analysis

Appellant argues Judge Russell abused his discretion when he denied Appellant's pretrial motion to continue the plea agreement deadline. On May 22, 2017, Appellant's trial counsel was substituted into the case. That same day, Judge Russell signed the Scheduling/Pre-trial Order, which set the pretrial hearing and plea agreement deadline for July 3, 2017. Appellant was provided access to discovery on May 26. On June 30, Appellant filed a motion to continue the plea agreement deadline to obtain text messages from his cell phone, which was seized as evidence in 2016. Judge Russell denied Appellant's motion, noting that Appellant knew about his cell phone and the text messages at the time of the offense and defense counsel admitted knowing about the text messages for approximately two weeks.

When Judge Russell denied the continuance, he stated that the "[c]ourt's unlikely to entertain any plea bargains between the parties, but I'll see what y'all present if you have any," and "I'm not continuing it at this point . . . if it's something that would persuade me that really couldn't have really factored into your negotiations for today, then I'll leave it open for consideration, but I wouldn't guarantee you that." Accordingly, Appellant argues that he suffered harm as a result of the denial of his motion for continuance because he did not believe that Judge Russell would approve the four-year sentence that the State offered on the day of docket call and, therefore, he proceeded to trial and received a twenty-year sentence. The record, however, does not support Appellant's contention.

At the docket call on the day of jury selection, Judge Russell asked the State if any plea offers had been made to Appellant. The State responded that the most recent offer was four years, and Judge Russell asked Appellant if he wanted to accept the State's offer. When Appellant confirmed that he did not want to accept the offer and wanted to proceed to trial, Judge Russell further admonished Appellant that, in his experience, juries are not lenient on punishment with respect to people who have prior felony convictions and that he was not eligible for probation. Appellant responded again that he wanted to proceed to trial. Under these circumstances, the record demonstrates that Appellant had the opportunity to enter a plea bargain and unequivocally stated that he did not wish to accept the State's offer of four years imprisonment. Therefore, even assuming Judge Russell erroneously denied Appellant's motion for continuance, Appellant failed to show that he suffered harm as a result of the trial court's denial of his motion. *See Gonzalez*, 304 S.W.3d at 843; *Renteria*, 206 S.W.3d at 699. We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered June 29, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 29, 2018**

**NO. 12-17-00337-CR**

**ERNEST MOSLEY HARRIS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0430-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*