

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1264-11

---

### ARTEMIO ORLANDO SANCHEZ, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

---

**HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, KEASLER, and COCHRAN, JJ., joined. MEYERS, J., filed a dissenting opinion. ALCALA, J., not participating.**

### O P I N I O N

The State asks this Court to reverse the judgment of the court of appeals, which held that a blood-draw search warrant to be executed in a designated county may not be issued by a statutory county court judge of another county. *Sanchez v. State*, No. 01-10-00433-CR, 2011 Tex. App. LEXIS 3824 (Tex. App.—Houston [1st Dist.] May 19, 2011). We granted the State's petition for discretionary review and will affirm the judgment of

the court of appeals.

## BACKGROUND

Appellant, Artemio Orlando Sanchez, was involved in a single-vehicle accident in Harris County shortly after midnight on March 22, 2009. The only passenger in the vehicle told officers that Appellant lost control of the vehicle, drove over a curb, and crashed into a retaining wall. Appellant admitted to operating the vehicle at the time of the accident and confirmed that he had "consumed a couple of beers" prior to the accident. During field sobriety tests, Appellant exhibited several clues of intoxication. He was arrested and transported to "central intox." Appellant refused to provide a breath sample, and an officer sought a search warrant to measure his blood alcohol content. For reasons undisclosed in the record, the warrant was signed by a statutory county court judge from Montgomery County,[1] and the warrant, on its face, commanded an officer of the peace to seize Appellant in Harris County and to draw his blood. Appellant's blood alcohol content was 0.163, which is more than twice the legal limit.

Subsequently, Appellant was charged with DWI as a second offender. He filed a motion to suppress the blood test results, but it was denied by the trial court. Appellant pled guilty, and the trial court sentenced him to confinement for one year in the county jail, probated for two years, and assessed a $700 fine.

---

[1] The warrant was issued by the County Court at Law Number Five of Montgomery County, which is a statutory county court. *See* TEX. GOV'T CODE § 25.1721 (listing the five statutory county courts in Montgomery County).

On appeal, Appellant's sole issue for review contended that the statutory county court judge in Montgomery County lacked authority to issue a search warrant for Appellant's blood in Harris County. *Sanchez*, 2011 Tex. App. LEXIS 3824, at *1. The First Court of Appeals reversed the judgment of the trial court because it concluded that no statutory provision expressly grants statewide authority for statutory county court judges to issue a search warrant. *Id.* at *18-19.

We granted the State's petition for discretionary review to determine whether a statutory county court judge from one county can issue a search warrant to be executed in another county. Specifically, the State's grounds for review are as follows:

> (1) The court of appeals erred in holding that a statutory county court judge's authority is limited to acting solely within the county of the court.
> (2) The court of appeals erred in holding that a statutory county court judge could not issue a blood search warrant for a DWI suspect located in another county.

## ARGUMENTS OF THE PARTIES

The State argues that there is no explicit geographical limitation to the jurisdiction of a statutory county court judge. *See* TEX. CODE CRIM. PROC. arts. 18.01-.05. According to the State, because the Legislature placed jurisdictional limitations in some statutory provisions, but not in Chapter 18 of the Texas Code of Criminal Procedure (which addresses search warrants), the Legislature intended for statutory county courts to have statewide jurisdiction. *See id.* arts. 18.20-.21. Furthermore, the State asserts that, because

Harris County and Montgomery County are in the same administrative judicial region,[2] the statutory scheme granting authority to statutory county court judges allows them to act outside of their county, if they are acting within their administrative region.

Alternatively, the State contends that a blood search warrant is effectively an arrest warrant,[3] so a statutory county court has authority to issue both types of warrants. The State contends that, since the warrants can be combined, both warrants are subject to statewide issuance. The State also argues that, although the warrant in this case was labeled a "search warrant," its effect was the same as an arrest warrant, thus allowing for statewide issuance. *See Hinkley v. State*, 119 Tex. Crim. 254, 256, 45 S.W.2d 581, 582 (1931); *Powell v. State*, 898 S.W.2d 821, 826-27 (Tex. Crim. App. 1994).

In contrast, Appellant argues that the statutory county court judge in this case lacked statewide authority because the Texas Constitution and the Texas Legislature explicitly provide statewide jurisdiction for district court judges, but they do not do so for statutory county court judges. TEX. CONST. art. V, § 11; TEX. CODE CRIM. PROC. art. 1.23. Appellant also argues that, although some statutory provisions allow judges in certain county courts to exchange benches, such power is limited to their county. *See* TEX. GOV'T CODE § 25.0012. Appellant contends that, if the Legislature intended for

---

[2] TEX. GOV'T CODE § 74.042(c) (showing that Harris County and Montgomery County are in the same administrative judicial region).

[3] TEX. CODE CRIM. PROC. art. 18.03 (allowing for a search warrant to order the arrest of a person, given the existence of probable cause).

judges of statutory county courts to have statewide authority, it would not have limited the ability of those judges to exchange benches. Appellant also points out that the Legislature excluded county courts at law from the list of magistrates designated as "conservators of the peace throughout the State." *See* TEX. CODE CRIM. PROC. art. 1.23.

Finally, Appellant argues that a search warrant for his blood is not the same as an arrest warrant and that, even if it were, it would not authorize the search and seizure of Appellant's blood because search warrants and arrest warrants are distinguishable, with different jurisprudence governing each. *See State v. Hardy*, 963 S.W.2d 516, 526 (Tex. Crim. App. 1997); *see also Schmerber v. California*, 384 U.S. 757, 769-70 (1966) (holding that drawing the blood of a defendant is considered a search under the Fourth Amendment).

## ANALYSIS

The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. CONST. amend IV. The non-consensual extraction of blood implicates privacy rights and falls within the protections of the Fourth Amendment. *Schmerber*, 384 U.S. at 758-59. Although a blood draw constitutes a search under the Fourth Amendment, the Constitution will not be offended if the draw occurs pursuant to a valid search warrant. *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002). Accordingly, in this case, we are asked to determine whether the search warrant, issued in Montgomery County, was valid for the blood draw in Harris County.

The Texas Constitution distributes judicial power among several defined courts and "other courts" that the Texas Legislature may deem necessary.[4] These "other courts" are known as statutory courts. TEX. CODE CRIM. PROC. arts. 2.09-.10. The search warrant in this case was issued by a judge of a statutory county court. Statutory county court judges are magistrates, and the duty of a magistrate is "to preserve the peace *within his jurisdiction . . . .*" *Id.* art. 2.10 (emphasis added).

The Texas Constitution delegates to the Legislature the power to establish the jurisdiction of statutory county courts. *Compare* TEX. CONST. art. V, § 1, *with* TEX. CONST. art. V, § 8 (expressly defining the jurisdiction of district courts), *and United States v. Conine*, 33 F.3d 467, 471 (5th Cir. 1994) ("District judges are empowered, by the Texas Constitution, to function judicially throughout the state. District judges are unique in that respect."). Generally, "[a] statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts." TEX. GOV'T CODE § 25.0003(a). The Government Code provides that statutory county courts have specific jurisdiction over certain criminal matters[5] and the

---

[4] Article V, Section 1 of the Texas Constitution states,
> The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.

TEX. CONST. art. V, § 1.

[5] TEX. GOV'T CODE § 26.045 (delineating the criminal matters over which county courts have specific jurisdiction).

Montgomery County court here has concurrent jurisdiction with the district court over certain limited civil matters. *Id.* § 25.1722(a).

In no statute has the Legislature expressly granted statutory county courts the jurisdiction to issue a search warrant to be executed in another county.[6] Although the Texas Code of Criminal Procedure explicitly authorizes that any magistrate may issue an arrest warrant, which can be executed statewide, the Legislature has declined to create such a provision for search warrants. *See* TEX. CODE CRIM. PROC. art. 15.06 ("A warrant of arrest, issued . . . by any magistrate . . . shall extend to any part of the State."). As noted by the Fifth Circuit in *Conine*, a magistrate acts "by virtue of his office." *Conine*, 33 F.3d at 470. Thus, here, although the Montgomery County judge is a magistrate, his authority to act is defined by his office as a statutory county court judge. That office has not been given statewide jurisdiction by the Legislature for search warrants.

Further, although the Legislature has not expressly prohibited a statutory county court from issuing a search warrant to be executed in another county, it has consistently limited or elected not to expand the jurisdiction of statutory county courts. For example, the Legislature has expressly authorized statutory county court judges and district court judges to act in each other's courts, but this authority is limited to matters pending *within*

---

[6] Effective September 1, 2009, the Code of Criminal Procedure provides that "[a]ny magistrate who is an attorney licensed by this state may issue a search warrant" for a blood specimen of a person arrested for driving while intoxicated and who refuses to submit a breath or blood alcohol test. TEX. CODE CRIM. PROC. art. 18.01(j). However, this provision does not speak to the magistrate's jurisdiction—it confers only the specific power articulated.

the county of the judge's bench. TEX. GOV'T CODE § 74.094(a). Similarly, the Legislature has provided that some judges may be assigned as "necessary to dispose of the accumulated business" in their administrative region. *Id.* § 74.052. However, a statutory county court judge may *not* be assigned to hear a matter pending in a district court outside the county of the judge's residence. *Id*. § 74.054(b). In addition, while district court judges are allowed to exchange benches without geographical restrictions, the Legislature has not extended that same privilege to statutory county court judges. *See* TEX. CONST. art. V, § 11 ("And the District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law."). Finally, and of crucial importance, Article 1.23 of the Texas Code of Criminal Procedure specifically lists the judicial positions that have statewide authority, including the judges of the Court of Criminal Appeals, justices of the Texas Supreme Court, justices of the courts of appeals, and judges of the district courts. TEX. CODE CRIM. PROC. art. 1.23. Statutory county court judges are omitted.

As stated previously, statutory county courts have only the jurisdiction that the Legislature confers. TEX. CONST. art. V, § 1. When the relevant statutory provisions are read together, a statutory county court judge is limited to acting within the county of his court unless expressly authorized to act beyond that county. A statutory county court judge lacks jurisdiction to issue a search warrant to be executed outside of his own

county.[7]  The Texas Legislature has not expressly granted such authority, and although it has not expressly prohibited that authority, it has consistently indicated that statutory county courts are courts of limited jurisdiction.

Here, the record reflects that the warrant executed in Harris County was signed by a statutory county court judge from Montgomery County.  The Montgomery County judge did not have jurisdiction to issue a search warrant for an individual "to be found in Harris County" because such action reached beyond the Montgomery County line.  Therefore, the search warrant for Appellant's blood draw was invalid.

The State's argument asserting that the search warrant should be treated as an arrest warrant is without merit.  The State ignores the practical differences between an arrest warrant and a search warrant.  An arrest warrant protects an individual from an unreasonable seizure of his person and can be issued statewide based upon the assumption that a person is not likely to stay in the geographical proximity of his alleged offense for an extended time.  *See Steagald v. United States*, 451 U.S. 204, 213 (1981); *id.* at 225 (Rehnquist, J., dissenting).  In contrast, a search warrant is issued to protect an individual from an unreasonable search when the particular location of the item is ascertainable.  *Id.* at 213.  These differences arise because a search affects a person's

---

[7] Some statutory county courts are composed of more than one county.  TEX. GOV'T CODE §§ 25.2601-.2606.  The laws relating to statutory county courts (including those articulated above) apply equally, with minor exceptions, to such multicounty statutory county courts.  *Id.* §§ 25.2601(b), 25.2606.  Therefore, the jurisdiction of a multicounty statutory county court to issue a search warrant encompasses, but is limited to, the counties of which it is composed.

privacy interests, whereas a seizure only affects a person's possessory interests and is generally less intrusive than a search. *See Segura v. United States*, 468 U.S. 796, 806 (1984). Consequently, in this case, an arrest warrant would allow police to arrest Appellant but not to draw a sample of his blood. The compelled extraction of blood infringes on Appellant's expectation of privacy,[8] so before that sample could be taken, a search warrant (not an arrest warrant) was necessary to protect Appellant from an unreasonable search of his blood.

## CONCLUSION

The First Court of Appeals did not err in determining that a statutory county court judge in Montgomery County lacked authority to issue a search warrant for Appellant's blood in Harris County. Statutory county court judges lack the authority to issue a search warrant to be executed outside of their own county. We affirm the judgment of the court of appeals.

Hervey, J.

Delivered: May 16, 2012

Publish

---

[8] *See Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 615-17 (1989); *Schmerber*, 384 U.S. at 769-70.