# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00566-CR

**Michael Bailey, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF LAMPASAS COUNTY
### NO. 18,536, HONORABLE WAYNE L. BOULTINGHOUSE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following the denial of his pretrial motion to suppress evidence, appellant Michael Bailey pleaded nolo contendere to the misdemeanor offense of driving while intoxicated. The trial court found Bailey guilty and assessed punishment at 180 days in county jail and a fine of $1,000, but suspended imposition of the sentence and placed him on community supervision for a period of twelve months. In a single issue on appeal, Bailey asserts that the trial court abused its discretion in denying his motion to suppress. We will affirm the trial court's order.

## BACKGROUND

The following recitation of facts is taken from the agreed appellate record that has been filed in this case:[1]

---

[1] *See* Tex. R. App. P. 34.2

On August 18, 2012, at approximately 1:45 in the morning, Officer Charles Montgomery of the Lampasas Police Department, in uniform, on-duty and in a marked police vehicle, observed the defendant's vehicle being driven on a state highway. Officer Montgomery effected a traffic stop and arrested the driver for suspicion of driving while intoxicated . . . .

At the Lampasas County Jail, Officer Montgomery provided the defendant with a copy of the DIC-24 and read the form out loud to the defendant, requesting a specimen of the defendant's breath.[2] The defendant refused to allow the taking of a specimen of his breath and further refused to sign the DIC-24.

Thereafter Officer Montgomery made an application for a Search Warrant. . . . A search warrant issued as well as an "order of assistance."[3]

Thereafter the defendant was transported to Rollins Brook Hospital in the City of Lampasas, Lampasas County, Texas where a sample of the defendant's blood was drawn by a registered nurse.

The search warrant contained the following:

Now, Therefore, you are commanded to enter the Lampasas County Jail located at 410 East 4th Street in the City of Lampasas, Texas. At said places you shall search for and, if same be found, seize and bring before me the property described in the affidavit, to-wit: Human Blood from the body of an individual named: Michael Lee Bailey. . . .

In his pretrial motion to suppress evidence, Bailey did not challenge the validity of the search warrant. Instead, he asserted that the blood draw exceeded the scope of the search warrant because his blood was drawn at a hospital instead of at the Lampasas County Jail. The trial court,

---

[2] The DIC-24 is the written warning required by statute in cases where a peace officer requests a voluntary blood or breath specimen from a person. *See* Tex. Transp. Code § 724.015; *Linton v. State*, 275 S.W.3d 493, 495 n.3 (Tex. Crim. App. 2009).

[3] The "order of assistance" directed medical personnel to assist law-enforcement officers in executing the search warrant.

2

after considering the motion to suppress on a written stipulation of evidence, denied the motion, found Bailey guilty of driving while intoxicated, and placed him on community supervision as noted above. This appeal followed.

## STANDARD OF REVIEW

"In review of a trial court's ruling on a motion to suppress, an appellate court must apply a standard of abuse of discretion and overturn the trial court's ruling only if it is outside the zone of reasonable disagreement."[4] We apply a bifurcated standard of review, giving almost total deference to the trial court's findings of historical fact and reviewing de novo the trial court's application of the law of search and seizure.[5] When reviewing a trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the ruling.[6] "We will sustain the trial court's ruling if that ruling is 'reasonably supported by the record and is correct on any theory of law applicable to the case.'"[7]

---

[4] *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011) (citing *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)).

[5] *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Thompson v. State*, 408 S.W.3d 614, 621 (Tex. App.—Austin 2013, no pet.).

[6] *State v. Robinson*, 334 S.W.3d 776, 778 (Tex. Crim. App. 2011) (citing *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006)).

[7] *Valtierra v. State*, 310 S.W.3d 442, 448 (Tex. Crim. App. 2010) (quoting Dixon, 206 S.W.3d at 590).

**ANALYSIS**

In his sole issue on appeal, Bailey asserts that the district court abused its discretion in denying his motion to suppress. Specifically, Bailey contends that because the search warrant does not mention a hospital, the drawing of his blood at a hospital exceeded the scope of the search warrant. According to Bailey, the only permissible location where his blood could have been drawn is the Lampasas County Jail because that is the only location specified in the search warrant.

Bailey cites to no authority, and we are aware of none, holding that blood obtained pursuant to a valid search warrant may be drawn only at the location specified in the warrant. Instead, Bailey cites to cases in which the defendant's blood was drawn at a hospital in the absence of a search warrant. In *Spedbar v. State*, in the course of treating Spedbar following an accident, medical personnel drew a sample of his blood for testing, the results of which law enforcement officials later obtained through a subpoena. *See* 121 S.W.3d 61, 63 (Tex. App.—San Antonio 2003, no pet.). The court held that this was a legal search and seizure because the blood was drawn solely for medical purposes, and there was no indication in the record that the blood was drawn at the direction of law-enforcement officials. *See id*. at 64-65. In *Hailey v. State*, medical personnel took a sample of Hailey's blood without first obtaining his consent, and law-enforcement officials later learned that the sample indicated that Hailey had been intoxicated. *See* 50 S.W.3d 636, 638 (Tex. App.—Waco 2001), *rev'd on other grounds*, 87 S.W.3d 118 (Tex. Crim. App. 2002). The court held that the taking of Hailey's blood without his consent was an assault under state law and thus illegal on that ground. *See id*. at 639-40.

4

The above cases are not applicable here, as neither involved the taking of blood pursuant to a valid search warrant.[8] Here, it is undisputed that a valid search warrant for Bailey's blood had been issued. Bailey (and thus the blood inside his body) was found at the Lampasas County Jail, the location specified in the search warrant. Bailey was then transported to a hospital, where his blood was withdrawn from his body by a registered nurse pursuant to an order of assistance that accompanied the search warrant. Such a procedure does not violate any federal or state constitutional or statutory law. On the contrary, it is well established that while the scope of a search warrant is limited by its terms, the search may be as extensive as is reasonably required to locate items described in the warrant.[9] The warrant in this case described "human blood from the body of . . . Bailey," and we find nothing unreasonable about transporting Bailey to a hospital and having a registered nurse draw his blood there instead of the blood being taken from Bailey's body at the Lampsasas County Jail.[10] Accordingly, we cannot conclude that the trial court abused its discretion in denying Bailey's motion to suppress on this ground.

We overrule Bailey's sole issue on appeal.

---

[8] It is well established that a valid search warrant issued by a "neutral, detached magistrate" addresses the privacy concerns that are implicated when a person's blood is seized. *See Schmerber v. California*, 384 U.S. 757, 770 (1966); *Sanchez v. State*, 365 S.W.3d 681, 684 (Tex. Crim. App. 2012); *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002).

[9] *See Haynes v. State*, 475 S.W.2d 739, 741-42 (Tex. Crim. App. 1971); *DeMoss v. State*, 12 S.W.3d 553, 558 (Tex. App.—San Antonio 1999, pet. ref'd); *see also State v. Powell*, 306 S.W.3d 761, 766 & n.10 (Tex. Crim. App. 2010) (explaining principle that, in certain cases, containers of evidence may be seized at location specified in search warrant and searched elsewhere).

[10] *See State v. Johnston*, 336 S.W.3d 649, 661-62 (Tex. Crim. App. 2011) (explaining that "the reasonableness of the manner in which a DWI suspect's blood is drawn should be assayed on an objective, case-by-case basis in light of the totality of the circumstances surrounding the draw").

**CONCLUSION**

We affirm the trial court's order of community supervision.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   August 8, 2014

Do Not Publish