# NO. 12-14-00190-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***THE STATE OF TEXAS,*** *APPELLANT* | *§* | *APPEAL FROM THE* |
| *V.* | *§* | *COUNTY COURT* |
| ***ALMA MUNOZ GHAFFER,*** *APPELLEE* | *§* | *COLLIN COUNTY, TEXAS* |

## MEMORANDUM OPINION[1]

The State of Texas appeals the trial court's grant of Alma Munoz Ghaffer's motion to suppress evidence. In two issues, the State argues that the trial court erred by granting Appellee's motion to suppress. We reverse.

## BACKGROUND

Appellee was involved in a collision in Collin County within the Dallas city limits. Officer Tyler Prothro of the Dallas Police Department arrested her there for driving while intoxicated. He then transported her to Lew Sterrett jail in Dallas County. Officer Prothro testified that it is the department's policy to transport arrestees for any crime other than public intoxication or warrants to that facility.

Appellee refused to provide a sample of her breath or blood. Officer Prothro prepared an affidavit for a search warrant and presented it to the Honorable Hal Turley, a Dallas County magistrate assigned to work in the Lew Sterrett jail. The magistrate signed the search warrant to obtain a blood sample from Appellee in Dallas County. A sample was then obtained at the Lew Sterrett jail.

---

[1] Pursuant to a docket equalization order issued by the Supreme Court of Texas on June 23, 2014, this appeal has been transferred to this Court from the Fifth Court of Appeals in Dallas, Texas.

Appellee was charged by information with driving while intoxicated. She filed a motion to suppress certain evidence, including her blood. At the suppression hearing, the arguments were limited to ones regarding the validity of the search warrant for Appellee's blood. After hearing evidence, the trial court granted the motion and made express findings of fact and conclusions of law. Among these were the conclusions that (1) the jurisdiction of a magistrate is limited to the county or district of the court that appointed him, (2) the magistrate in this case had the statutory authority to issue a blood search warrant for offenses occurring within Dallas County, and (3) the magistrate in this case lacked jurisdiction to issue the search warrant for Appellee's blood.

This appeal followed.

## MOTION TO SUPPRESS

In its first issue, the State argues that the magistrate had jurisdiction to issue the search warrant for Appellee's blood draw because Appellee was located in the county of the magistrate's office when he signed the warrant and when the search was conducted. In its second issue, the State contends that even if the magistrate lacked authority to issue the warrant, the blood evidence should not be suppressed because Officer Prothro acted in good faith reliance on a warrant based on probable cause.

### Standard of Review and Governing Law

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. **Hubert v. State**, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); **Carmouche v. State**, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. **Shepherd v. State**, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. **Neal v. State**, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When deciding a motion to suppress evidence, a trial court is the exclusive trier of fact and judge of the witnesses' credibility. **Maxwell v. State**, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony. *See* **State v. Ross**, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

2

The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. CONST. amend. IV. The nonconsensual extraction of blood implicates privacy rights and falls within the protections of the Fourth Amendment. *Sanchez v. State*, 365 S.W.3d 681, 684 (Tex. Crim. App. 2012) (citing *Schmerber v. California*, 384 U.S. 757, 769-70, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966)). Although a blood draw constitutes a search under the Fourth Amendment, the Constitution will not be offended if the draw occurs pursuant to a valid search warrant. *Sanchez*, 365 S.W.3d at 684.

Under the code of criminal procedure, any magistrate who is an attorney licensed by this state may issue a search warrant under Article 18.02(10) to collect a blood specimen from a person who is arrested for driving while intoxicated and refuses to submit to a breath or blood alcohol test. TEX. CODE CRIM. PROC. ANN. art. 18.01(j) (West Supp. 2014). This provision does not speak to the magistrate's jurisdiction, but confers only the specific power articulated. *Sanchez*, 365 S.W.3d at 687 n.6.

**Jurisdiction of Magistrate to Issue Search Warrant**

We are asked to determine whether the search warrant, issued by a Dallas County magistrate for execution in Dallas County, was valid for the blood draw in Dallas County. We have not been directed to, nor have we found through our independent research, any authority to support that the magistrate lacked jurisdiction to issue the warrant. Although the trial court cited *Sanchez* in its conclusions of law, that case does not support the trial court's conclusion that a magistrate's jurisdiction to issue a search warrant for blood is determined by the county in which the offense occurred.

In *Sanchez*, a Montgomery County statutory county court judge issued a search warrant for blood to be executed in Harris County. *Id.* at 683. The appellant challenged the judge's jurisdiction to do so. *Id.* at 684. In its analysis, the court of criminal appeals noted that statutory county court judges are omitted from the listing of judicial positions having statewide authority found in Article 1.23 of the Texas Code of Criminal Procedure. *Id.* at 686. It thus held that "[a] statutory county court judge lacks jurisdiction to issue a search warrant to be executed outside of his own county." *Id.* A statutory county court judge's jurisdiction, therefore, is determined by where the search warrant is to be executed, not by where the offense occurred. *See id.*

Here, the Dallas County magistrate issued a search warrant to be executed in Dallas County. Like statutory county court judges, magistrates have not been given statewide authority

3

by the legislature. *See* TEX. CODE CRIM. PROC. ANN. art. 1.23 (West 2005). But unlike the search warrant in **Sanchez**, the search warrant here was executed in the magistrate's own county. We conclude that the magistrate had jurisdiction to issue the search warrant for blood to be executed in the county of his office.

Appellee urges that the magistrate's jurisdiction was affected by the fact that she was in Dallas County only because of Dallas Police Department policy. She claims that finding the search warrant valid will allow the State to benefit by disregarding the law. Thus, she implicitly avers that her transportation from one county to the next was illegal unless it was for the purpose of providing her with her statutory warnings more expeditiously. *See* TEX. CODE CRIM. PROC. ANN. arts. 14.06(a) (West Supp. 2014) (person arrested without order must be taken before any magistrate of the county, or magistrate of another county to provide warnings more expeditiously), 15.17(a) (West Supp. 2014) (same). She notes that there is no evidence in the record that her transportation to Dallas County expedited her warnings. However, the issue of where Appellee should have received her statutory warnings was not addressed at the suppression hearing. Furthermore, Appellee cites no authority for the proposition that a violation of Articles 14.06(a) and 15.17(a) renders a magistrate without jurisdiction to issue a search warrant for blood to be executed in his own county. We conclude that Appellee's argument is without merit.

Having given due deference to the trial court's ruling, we hold that the trial court erred by granting Appellee's motion to suppress based upon the magistrate's lack of jurisdiction to issue the search warrant for Appellee's blood. Accordingly, we sustain the State's first issue. Because we conclude that the magistrate had jurisdiction to issue the warrant, we do not address the State's second issue regarding the good faith exception.

## DISPOSITION

Having sustained Appellant's first issue, we *reverse* the trial court's order granting the motion to suppress.

BRIAN HOYLE
Justice

Opinion delivered April 15, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*
(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 15, 2015

NO. 12-14-00190-CR

**THE STATE OF TEXAS,**
Appellant
V.
**ALMA MUNOZ GHAFFER,**
Appellee

Appeal from the County Court

of Collin County, Texas (Tr.Ct.No. 005-86365-2013)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the trial court's order below, it is ORDERED, ADJUDGED and DECREED by this court that the trial court's order granting Appellee **ALMA MUNOZ GHAFFER'S** motion to suppress be **reversed**, and the same is, hereby entered herein in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*