PD-0589-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/15/2015 12:52:08 PM
Accepted 5/15/2015 2:16:22 PM
ABEL ACOSTA
CLERK

No. PD-_____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

**THE STATE OF TEXAS**
Appellant

v.

**ALMA MUNOZ GHAFFER**
Appellee

From the Court of Appeals
For the Twelfth District at Tyler

Cause number 12-14-00190-CR

**APPELLEE'S PETITION FOR DISCRETIONARY REVIEW**

Appeal from the County Court at Law Number Five of Collin County,
the Honorable Dan K. Wilson, Judge Presiding

**KYLE SHAW**
shawlaw@sbcglobal.net
1333 W. McDermott, Suite 200
McKinney, Texas
Tel: 214-726-0088
Fax: 214-387-3353
State Bar No. 24004917

FILED IN
COURT OF CRIMINAL APPEALS

May 15, 2015

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

IDENTIFICATION OF
PARTIES...............................................................................................3

INDEX OF
AUTHORITIES.....................................................................................4

STATEMENT REGARDING ORAL ARGUMENT................................5

STATEMENT OF THE
CASE....................................................................................................6

STATEMENT OF PROCEDURAL HISTORY.......................................6

QUESTION PRESENTED FOR
REVIEW...............................................................................................7

A local police department's policy should not confer jurisdiction upon its magistrate to issue a blood draw warrant for a crime over which the magistrate and his county would, otherwise, have absolutely no jurisdiction. Based on the facts presented in the record, did the court of appeals err in finding that a Dallas magistrate had jurisdiction to issue a blood draw warrant for an individual whose presence in Dallas County was solely as the result of the decision of the arresting officer and for no stated purpose other than policy, despite the crime and the arrest occurring in Collin County, Texas?

REASONS FOR REVIEW.......................................................................7

STATEMENT OF
FACTS..................................................................................................8

ARGUMENT........................................................................................10

The Twelfth Court of Appeals erred in finding that presence of a person within a county, alone, is enough to confer jurisdiction on a Magistrate to issue and effectuate a blood draw warrant. Based on the facts presented, the Twelfth Court of Appeals erred in deciding that the Dallas magistrate had jurisdiction to issue a blood draw warrant for Appellee where (1) Appellee

1

was arrested in Collin County, (2) the offense occurred in Collin County, and (3) the *only* reason Appellee was present in Dallas County was because of the arresting officer's decision and pursuant to alleged police department policy. In doing so, the court of appeals created a per se rule wherein mere presence, without consideration of other circumstances, is enough to confer jurisdiction on a magistrate for search warrant purposes. Such a rule flies in the face of the opposition to forum shopping, appears contrary to other case law regarding blood draw warrants, and allows for the circumvention of jurisdictional limits.

CONCLUSION..................................................................................15

PRAYER FOR
RELIEF...........................................................................................15

CERTIFICATE OF SERVICE................................................................17

CERTIFICATE OF COMPLIANCE.........................................................17

# IDENTIFICATION OF PARTIES

| **Parties:** | **Counsel:** |
| --- | --- |
| The State of Texas | **Greg Willis**<br>Collin County Criminal District Attorney |
| | **John R. Rolater, Jr.**<br>Assistant Criminal District Attorney<br>Chief of Appellate Division |
| | **Calli D. Bailey**<br>Assistant District Attorney<br>Trial Counsel<br>Appellate Counsel |
| | Collin County District Attorney's Office<br>2100 Bloomdale Road, Suite 200<br>McKinney, Texas 75071 |
| **ALMA MUNOZ GHAFFER** | **KYLE SHAW**<br>1333 W. McDermott, Suite 200<br>McKinney, Texas<br>Tel: 214-726-0088<br>Fax: 214-387-3353<br>State Bar No. 24004917<br>shawlaw@sbcglobal.net |
| | **HANNAH STROUD**<br>Co-Counsel<br>Philips & Epperson Attorneys, LP<br>2301 Virginia Parkway<br>McKinney, Texas 75071<br>hstroud@philipsandepperson.com |
| **Judge:** | **Court:** |
| The Hon. Dan K. Wilson | **Collin County Court at Law No. 5**<br>Presiding Judge<br>Collin County, Texas |

# INDEX OF AUTHORITES

*STATUTES*

Tex. R. App. P. 66.3(a)...............................................................................7

Tex. R. App. P. 66.3(b). .............................................................................7

Tex. Trans. Code §724.011........................................................................13

*CASES*

*Bitner v. State*, 135 S.W.3d 906, 908-09
  (Tex. App.—Fort Worth 2004, pet. ref'd)..........................................11

*Gilbert v. State*, 439 S.W.2d 783
  (Tex. Crim. App. 1973)......................................................................11

*Missouri v. McNeely*, 133 S. Ct. 1552, 1561, 185 L. Ed. 2d 696 (2013)
  (citations removed)........................................................................ 14

*Sanchez v. State*, 365 S.W.3d 681, 686
  (Tex. Crim. App. 2012).................................................................11, 12

*State v. Anderson*, 445 S.W.3d 895
  (Tex. App.—Beaumont 2014, no pet. h.)...........................................14

*State v. Ghaffer*, No. 12-14-00190-CR, 2015 WL 1735560
  (Tex. App.—Tyler March 15, 2015)
  (not designated for publication)....................................................6, 12

*Weems v. State*, 434 S.W.3d 655
  (Tex. App.—San Antonio 2014, pet. granted)...................................13

No. PD-_____

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## THE STATE OF TEXAS

### v.

## ALMA MUNOZ GHAFFER

---

### APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Appellee, by and through her counsel, KYLE SHAW and co-counsel, HANNAH STROUD, and respectfully urges this Court to grant discretionary review of the above-named cause.

### STATEMENT REGARDING ORAL ARGUMENT

Oral argument is requested in this matter. The issue before the Court is a matter of first impression and the Court would benefit from further oral argument in addition to the petition presented.

## STATEMENT OF THE CASE

Alma Munoz Ghaffer (Appellee) was charged with driving while intoxicated. CR 5. Appellee filed a motion to suppress challenging the validity of the warrant that allowed for the blood draw. CR 9-12. The trial court granted Appellee's motion to suppress. CR 13. The state appealed the decision and the Twelfth District Court of Appeals held that the trial court erred in granting the suppression. *State v. Ghaffer*, No. 12-14-00190-CR, 2015 WL 1735560 (Tex. App.—Tyler March 15, 2015) (not designated for publication). Appellee herein files her Petition for Discretionary Review.

## STATEMENT OF PROCEDURAL HISTORY

The Twelfth District Court of Appeals issued its opinion on March 15, 2015, reversing the trial court's decision. *Ghaffer*, 2015 WL 1735560. Appellee herein timely files her Petition for Discretionary Review.

Pursuant to a docket equalization order issued by the Supreme Court of Texas on June 23, 2014, this appeal was transferred to the Twelfth Court of Appeals from the Fifth Court of Appeals in Dallas, Texas.

6

## QUESTION PRESENTED FOR REVIEW

A local police department's policy should not confer jurisdiction upon its magistrate to issue a blood draw warrant for a crime over which the magistrate and his county would, otherwise, have absolutely no jurisdiction. Based on the facts presented in the record, did the court of appeals err in finding that a Dallas magistrate had jurisdiction to issue a blood draw warrant for an individual whose presence in Dallas County was solely as the result of the decision of the arresting officer and for no stated purpose other than policy, despite the crime and the arrest occurring in Collin County, Texas?

## REASONS FOR REVIEW

The Twelfth District Court of Appeals has decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals. Tex. R. App. P. 66.3(b).

The Twelfth District Court of Appeals has decided an important question of state law in a way that conflicts with decisions of other courts of appeals. Tex. R. App. P. 66.3(a).

## STATEMENT OF FACTS

The court of appeal's opinion omitted some important facts that Appellee fleshes out below.

While in Collin County, Texas, Appellee was arrested for the offense of driving while intoxicated. RR 9. The offense occurred in Collin County but within the city limits of Dallas. RR 11, 22. The arresting officer was aware that the offense had occurred in Collin County and that charges would be filed in Collin County. RR 22-23. Despite this, Appellee was transported to Lew Sterrett Jail, in Dallas County. RR 12-13. The decision to take Appellee to Lew Sterrett and, therefore, to Dallas County, was based on department policy. RR 11, 22. The arresting officer also cited issues with obtaining a blood draw in a timely fashion as a reason for taking all individuals arrested in the City of Dallas (regardless of the county that the offense/arrest actually occurred in), to Lew Sterrett and, therefore, to Dallas County. RR 15. The arresting officer, however, did not provide specific issues with regards as to obtaining Appellee's blood in a timely fashion. RR 15.

8

The testimony of the sole witnesss did not address whether Appellee was read her rights, pursuant to Article 15.17 of the Texas Code of Criminal Procedure, although this matter was argued by the State's attorney. RR 28. The testimony of the sole witness did not address whether exigent circumstances existed such that Appellee could not be taken to Collin County and booked in to the appropriate jail.

# ARGUMENT

1.  **A local police department's policy should not confer jurisdiction upon its magistrate to issue a blood draw warrant for a crime over which the magistrate and his county would, otherwise, have absolutely no jurisdiction. Based on the facts presented in the record, did the court of appeals err in finding that a Dallas magistrate had jurisdiction to issue a blood draw warrant for an individual whose presence in Dallas County was solely as the result of the decision of the arresting officer and for no stated purpose other than policy, despite the crime and the arrest occurring in Collin County, Texas?**

The Twelfth Court of Appeals erred in finding that presence of a person within a county, alone, is enough to confer jurisdiction on a Magistrate to issue and effectuate a blood draw warrant. Based on the facts presented, the Twelfth Court of Appeals erred in deciding that the Dallas magistrate had jurisdiction to issue a blood draw warrant for Appellee where (1) Appellee was arrested in Collin County, (2) the alleged offense occurred in Collin County, and (3) the *only* reason Appellee was present in Dallas County was because of the arresting officer's decision and pursuant to alleged police department policy.

In doing so, the court of appeals created a per se rule wherein mere presence, without consideration of other circumstances, is enough to confer jurisdiction on a magistrate for search warrant purposes. Such a per se rule flies in the face of the opposition to forum shopping, appears contrary to other case law regarding blood draw warrants, and allows for the circumvention of jurisdictional limits.

10

Initially, Appellee notes that the issue presented herein is one of first impression. While various cases address jurisdictional issues pertaining to issuance of search warrants, no case addresses the exact fact pattern presented here:

- *Sanchez v. State*, 365 S.W.3d 681, 686 (Tex. Crim. App. 2012): whereby this Court held that a "statutory county court judge lacks jurisdiction to issue a search warrant [for a blood draw] to be executed outside of his own county," or "for an individual 'to be found in'" another county. *Sanchez*, 365 S.W.3d at 686. The facts of *Sanchez* differ in that the person was located outside of the judge's county. However, alike this case, the offense and arrest occurred outside of the judge's county.

- *Gilbert v. State*, 439 S.W.2d 783 (Tex. Crim. App. 1973): whereby this Court held that a justice of the peace, when acting as a magistrate, has jurisdiction to issue a search warrant within his county but outside of his city limits. *Gilbert*, 493 S.W.2d at 784. The *Gilbert* facts differ from this case in that the offense took place within the magistrate's county and, further, that the item to be searched was within the same county. *Id.*

- *Bitner v. State*, 135 S.W.3d 906, 908-09 (Tex. App.—Fort Worth 2004, pet. ref'd): holding that a County Justice of the Peace "was authorized to sign the search warrant for property located in [her] County even though she [the magistrate] personally was outside her geographical jurisdiction when she signed the search warrant." Again, the facts presented here differ from this case, in that the offense occurred within the magistrate's county and the property to be searched was also within the magistrate's county: the only issue was the absence of the magistrate from the county.

No case has been located to address the facts of this case: the search of a person located within a magistrate's county but where the offense and arrest occurred outside of the county and, further, where the *only reason* for the person's presence in the magistrate's county is because of police policy.

11

The opinion of the court of appeals was limited in its analysis, ultimately founding its decision on a misreading of *Sanchez*. In *Sanchez*, this Court held that a county court judge cannot issue a blood draw warrant for someone *outside* of their county. *Sanchez*, 365 S.W.3d at 686. Based upon this, the court of appeals held that the opposite must always be true. *State v. Ghaffer*, No. 12-14-00190-CR, 2015 WL 1735560, at *2 (Tex. App.—Texarkana Apr. 15, 2015) (finding that a "statutory county court judge's jurisdiction, therefore, is determined by where the search warrant is to be executed, not by where the offense occurred.") In making this decision the court of appeals failed to acknowledge the different fact pattern presented in Appellee's case, the public policy issues presented, and the ongoing changes to blood-draw case law.

Appellee was in Dallas County at the time the warrant was issued, for one reason - because she was transported there by the arresting officer, based upon police department policy. While the arresting officer cited general concerns as to obtaining a blood draw in a timely fashion, the record did not support a finding that this was a specific concern in Appellee's case. In other words, based on the record before the trial court and the court of appeals, the only reason for Appellee's presence in Dallas County was a per se "rule" that all parties arrested in the City of Dallas *must* be taken to Lew Sterrett's jail, regardless of any other circumstances.

12

Analogizing this case to the facts presented in *Weems*, and sister courts facing similar facts, helps to amplify the argument that a police department policy cannot allow for a per se rule that permits arresting officers to confer jurisdiction on their local magistrates for cases that they would not, otherwise, have jurisdiction over. *Weems v. State*, 434 S.W.3d 655 (Tex. App.—San Antonio 2014, pet. granted).

The Court will be familiar with the facts of *Weems,* a petition for discretionary review having been granted in August, 2014. To summarize, however, the *Weems* defendant was charged with driving while intoxicated. *Id.* at 657. After the defendant refused to provide a breath or blood specimen, he was "transported to the hospital, and a mandatory blood draw was taken." The arresting officer did not attempt to obtain a warrant. *Id.* at 658. As with several other decisions from its sister courts, the San Antonio court of appeals, held that "the implied consent and mandatory blood draw statutory scheme found in the Transportation Code [Tex. Trans. Code §724.011] are not exceptions to the warrant requirement under the Fourth Amendment." *Id. at 665.* In other words, a statute cannot provide a per se rule that permits circumvention of the Fourth Amendment. Similarly, a police department policy should not provide a per se rule that allows circumvention of jurisdictional powers.

To further the analogy, Appellee points to *State v. Anderson*, wherein the Beaumont court of appeals addressed the similar issue of warrantless blood draws. *State v. Anderson*, 445 S.W.3d 895 (Tex. App.—Beaumont 2014, no pet. h.). Of import to this case, the court of appeals found that "advances in technology and procedure now allow officers—often coordinating directly with prosecutors and the court—to obtain warrants in an expedited fashion. Moreover, circumstances may indicate that an officer can take steps to secure a warrant while the suspect is being transported." *Id.* at 903 (*citing to Missouri v. McNeely*, 133 S. Ct. 1552, 1561, 185 L. Ed. 2d 696 (2013) (citations removed). In other words, given the advances in technology, and changes to the manner in which a blood draw warrant can be obtained, time considerations alone do not permit a warrantless blood draw. The same can be said of Appellee's case, wherein part of the reasoning behind the Dallas police department's policy is the alleged difficulty in obtaining blood draw warrants from out of county.

The court of appeal's decision allows for a rule whereby mere presence, alone, grants a Magistrate jurisdiction to issue a search warrant. The court of appeals erred in generating such a broad rule and, in doing so, generates long term effects for all forms of other criminal cases.

14

## CONCLUSION

To conclude, to permit an arresting officer to take an arrestee to a county jail of the officer's choice, based upon alleged department policy, does nothing more than create a per se rule allowing for forum shopping and the circumvention of basic jurisdictional powers. The presence of Appellee in Dallas County was solely based upon the decision of the arresting officer. The court of appeals erred in failing to take note of this distinction and in presuming that Appellee's presence in the county, alone, provided the Magistrate jurisdiction to issue a blood draw warrant.

## PRAYER

The court of appeals erred in overturning the trial court's decision to grant Appellee's motion to suppress. Appellee respectfully requests that the Court grant this petition, set the case for submission, reverse the decision of the Twelfth Court of Appeals, and remand the cause for consideration of any remaining points of error.

Respectfully submitted,

KYLE SHAW
1333 W. McDermott, Suite 200
McKinney, Texas
Tel: 214-726-0088
Fax: 214-387-3353

_/s/ Kyle Shaw_

Kyle Shaw
Attorney for Appellee
State Bar No. 24004917
shawlaw@sbcglobal.net
Hannah Stroud
Co-Counsel for Appellee
State Bar No. 24069426
hstroud@philipsandepperson.com

## CERTIFICATE OF SERVICE

True copies of Appellee's Petition for Discretionary Review has been served on opposing counsel, Greg Willis, District Attorney's Office, Collin County Courthouse, 2100 Bloomdale Road, Suite 200, McKinney, Texas 75071 on May 15, 2015, by first-class mail and fax, and to the Honorable Lisa McMinn, State Prosecuting Attorney, P.O. Box 13046, Capital Station, Austin, Texas 78711-3046, on May 15, 2015.

/s/ Kyle Shaw
Kyle Shaw
Attorney for Appellee
Hannah Stroud
Co-Counsel for Appellee

## CERTIFICATE OF COMPLIANCE

This brief complies with the work limitations in Texas Rule of Appellate Procedure 9.4(i)(2). In reliance on the word county of the computer program used to prepare this brief, the undersigned attorney certifies that this brief contains 1,780 words, exclusive of the sections of the brief exempted by Rule 9.4(i)(1).

/s/ Kyle Shaw
Kyle Shaw

# APPENDIX

Opinion of the Twelfth Court of Appeals

# NO. 12-14-00190-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT* |
| *ALMA MUNOZ GHAFFER,*<br>*APPELLEE* | § | *COLLIN COUNTY, TEXAS* |

## *MEMORANDUM OPINION*[1]

The State of Texas appeals the trial court's grant of Alma Munoz Ghaffer's motion to suppress evidence. In two issues, the State argues that the trial court erred by granting Appellee's motion to suppress. We reverse.

## BACKGROUND

Appellee was involved in a collision in Collin County within the Dallas city limits. Officer Tyler Prothro of the Dallas Police Department arrested her there for driving while intoxicated. He then transported her to Lew Sterrett jail in Dallas County. Officer Prothro testified that it is the department's policy to transport arrestees for any crime other than public intoxication or warrants to that facility.

Appellee refused to provide a sample of her breath or blood. Officer Prothro prepared an affidavit for a search warrant and presented it to the Honorable Hal Turley, a Dallas County magistrate assigned to work in the Lew Sterrett jail. The magistrate signed the search warrant to obtain a blood sample from Appellee in Dallas County. A sample was then obtained at the Lew Sterrett jail.

---

[1] Pursuant to a docket equalization order issued by the Supreme Court of Texas on June 23, 2014, this appeal has been transferred to this Court from the Fifth Court of Appeals in Dallas, Texas.

Appellee was charged by information with driving while intoxicated. She filed a motion to suppress certain evidence, including her blood. At the suppression hearing, the arguments were limited to ones regarding the validity of the search warrant for Appellee's blood. After hearing evidence, the trial court granted the motion and made express findings of fact and conclusions of law. Among these were the conclusions that (1) the jurisdiction of a magistrate is limited to the county or district of the court that appointed him, (2) the magistrate in this case had the statutory authority to issue a blood search warrant for offenses occurring within Dallas County, and (3) the magistrate in this case lacked jurisdiction to issue the search warrant for Appellee's blood.

This appeal followed.

## MOTION TO SUPPRESS

In its first issue, the State argues that the magistrate had jurisdiction to issue the search warrant for Appellee's blood draw because Appellee was located in the county of the magistrate's office when he signed the warrant and when the search was conducted. In its second issue, the State contends that even if the magistrate lacked authority to issue the warrant, the blood evidence should not be suppressed because Officer Prothro acted in good faith reliance on a warrant based on probable cause.

### Standard of Review and Governing Law

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When deciding a motion to suppress evidence, a trial court is the exclusive trier of fact and judge of the witnesses' credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

2

The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. CONST. amend. IV. The nonconsensual extraction of blood implicates privacy rights and falls within the protections of the Fourth Amendment. *Sanchez v. State*, 365 S.W.3d 681, 684 (Tex. Crim. App. 2012) (citing *Schmerber v. California*, 384 U.S. 757, 769-70, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966)). Although a blood draw constitutes a search under the Fourth Amendment, the Constitution will not be offended if the draw occurs pursuant to a valid search warrant. *Sanchez*, 365 S.W.3d at 684.

Under the code of criminal procedure, any magistrate who is an attorney licensed by this state may issue a search warrant under Article 18.02(10) to collect a blood specimen from a person who is arrested for driving while intoxicated and refuses to submit to a breath or blood alcohol test. TEX. CODE CRIM. PROC. ANN. art. 18.01(j) (West Supp. 2014). This provision does not speak to the magistrate's jurisdiction, but confers only the specific power articulated. *Sanchez*, 365 S.W.3d at 687 n.6.

## Jurisdiction of Magistrate to Issue Search Warrant

We are asked to determine whether the search warrant, issued by a Dallas County magistrate for execution in Dallas County, was valid for the blood draw in Dallas County. We have not been directed to, nor have we found through our independent research, any authority to support that the magistrate lacked jurisdiction to issue the warrant. Although the trial court cited *Sanchez* in its conclusions of law, that case does not support the trial court's conclusion that a magistrate's jurisdiction to issue a search warrant for blood is determined by the county in which the offense occurred.

In *Sanchez*, a Montgomery County statutory county court judge issued a search warrant for blood to be executed in Harris County. *Id.* at 683. The appellant challenged the judge's jurisdiction to do so. *Id.* at 684. In its analysis, the court of criminal appeals noted that statutory county court judges are omitted from the listing of judicial positions having statewide authority found in Article 1.23 of the Texas Code of Criminal Procedure. *Id.* at 686. It thus held that "[a] statutory county court judge lacks jurisdiction to issue a search warrant to be executed outside of his own county." *Id.* A statutory county court judge's jurisdiction, therefore, is determined by where the search warrant is to be executed, not by where the offense occurred. *See id.*

Here, the Dallas County magistrate issued a search warrant to be executed in Dallas County. Like statutory county court judges, magistrates have not been given statewide authority

3

by the legislature. *See* TEX. CODE CRIM. PROC. ANN. art. 1.23 (West 2005). But unlike the search warrant in *Sanchez*, the search warrant here was executed in the magistrate's own county. We conclude that the magistrate had jurisdiction to issue the search warrant for blood to be executed in the county of his office.

Appellee urges that the magistrate's jurisdiction was affected by the fact that she was in Dallas County only because of Dallas Police Department policy. She claims that finding the search warrant valid will allow the State to benefit by disregarding the law. Thus, she implicitly avers that her transportation from one county to the next was illegal unless it was for the purpose of providing her with her statutory warnings more expeditiously. *See* TEX. CODE CRIM. PROC. ANN. arts. 14.06(a) (West Supp. 2014) (person arrested without order must be taken before any magistrate of the county, or magistrate of another county to provide warnings more expeditiously), 15.17(a) (West Supp. 2014) (same). She notes that there is no evidence in the record that her transportation to Dallas County expedited her warnings. However, the issue of where Appellee should have received her statutory warnings was not addressed at the suppression hearing. Furthermore, Appellee cites no authority for the proposition that a violation of Articles 14.06(a) and 15.17(a) renders a magistrate without jurisdiction to issue a search warrant for blood to be executed in his own county. We conclude that Appellee's argument is without merit.

Having given due deference to the trial court's ruling, we hold that the trial court erred by granting Appellee's motion to suppress based upon the magistrate's lack of jurisdiction to issue the search warrant for Appellee's blood. Accordingly, we sustain the State's first issue. Because we conclude that the magistrate had jurisdiction to issue the warrant, we do not address the State's second issue regarding the good faith exception.

### DISPOSITION

Having sustained Appellant's first issue, we *reverse* the trial court's order granting the motion to suppress.

BRIAN HOYLE
Justice

Opinion delivered April 15, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*
(DO NOT PUBLISH)

4