ACCEPTED
12-14-00190-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
6/1/2015 5:45:23 PM
CATHY LUSK
CLERK

In the Court of Appeals for the
Twelfth District of Texas at Tyler

**THE STATE OF TEXAS,** §
    Appellant §
 §
 §
v. §          **No. 12-14-00190-CR**
 §
**ALMA MUNOZ GHAFFER,** §
    Appellee §

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
6/1/2015 5:45:23 PM
CATHY S. LUSK
Clerk

### STATE'S MOTION TO PUBLISH

**TO THE HONORABLE COURT OF APPEALS:**

**COMES NOW**, the State of Texas, by and through the Collin County Criminal District Attorney Greg Willis and the undersigned attorney, and files this, the State's Motion to Publish.  In support of its motion, the State would show the following:

I.

On April 15, 2015, this Court issued a written opinion affirming the judgment of the trial court and designated that the opinion would not be published.  *See* TEX. R. APP. P.  47.2.

II.

The time for changing the notation to "publish" has not passed as the Court of Criminal Appeals has not already acted on a petition for discretionary review or any other request for relief in the case. *See* TEX. R. APP. P.  47.2 (b).

III.

1

Publishing the Court's opinion in this case would serve not only attorneys on both sides of the bar and judges in their pre-trial rulings on warrants, but also our state and local law enforcement agencies. The City of Dallas, and therefore the jurisdiction of the Dallas Police Department, spans across five different counties in North Texas. While this has sometimes caused delayed filings or filing of cases in the wrong county, DPD's policy of taking all arrestees to Lew Sterrett jail has provided the benefit of a quick and streamlined process for DWI investigations. Other large cities in this area, including Richardson, Mesquite, and Carrollton, span multiple counties as well. And as many state-wide and local law enforcement agencies have begun adopting "no-refusal" policies for their jurisdictions, officers are seeking blood warrants for drivers suspected of driving while intoxicated at an increasing rate.

Furthermore, this particular issue appears to be one of first impression in the State. Therefore, a published opinion in this type of case is important precedent. The Court of Criminal Appeals' opinion in *Sanchez v. State*, 365 S.W.3d 681 (Tex. Crim. App. 2012), cited by the trial court and both parties in their briefs, addressed a closely related issue but when examined closely, was not on point with the issue in this case. The issue in *Sanchez* was whether a magistrate may sign a search warrant for a suspect's blood to be *executed* in a county other than the one in which he serves. *See Sanchez*, 365 S.W.3d at 683. In Appellee's case, the magistrate signed a blood warrant to be executed in his own county and the parties' briefs reflect that neither side could find case law specifically on point to this appeal.

2

While this Court's opinion is certainly available to researchers on Westlaw and Lexis, this Court would have a far broader impact on the jurisprudence of the State if the opinion carried precedential value. *See* TEX. R. APP. P. 47.7 (providing that only published opinions set precedent).

**WHEREFORE**, the State respectfully requests that this Court change the notation of the opinion to "publish."

GREG WILLIS
Criminal District Attorney
Collin County, Texas

**JOHN R. ROLATER, JR.**
Assistant Criminal District Attorney
Chief of the Appellate Division

/s/ Calli D. Bailey
**CALLI D. BAILEY**
Assistant Criminal District Attorney
2100 Bloomdale Rd., Suite 200
McKinney, Texas 75071
(972) 548-4323
FAX (214) 491-4860
State Bar No. 24075638
cdbailey@co.collin.tx.us

**CERTIFICATE OF SERVICE**

A true copy of the State's Motion to Publish has been mailed to Counsel for Appellant, Kyle Shaw, by electronic mail to shawlaw@sbcglobal.net, on this, the 1st day of June 2015.

/s/ Calli D. Bailey
Calli D. Bailey

4