

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-75,835-02

### IN RE HECTOR ROLANDO MEDINA, Relator

---

### ON APPLICATION FOR A WRIT OF
### PROHIBITION IN CAUSE NO. W07-32923-S(A)
### IN THE 282ND JUDICIAL DISTRICT COURT
### FROM DALLAS COUNTY

---

**JOHNSON, J., filed a concurring opinion.**

### C O N C U R R I N G   O P I N I O N

I join the Court's opinion. Because, in a hearing on his application for a writ of habeas corpus, relator was granted immunity for use and derivative use of his testimony and the trial court indicated that it would narrowly limit the state's questioning of relator, relator has not established that he has a clear right to the relief he seeks. In different circumstances and with different facts, the appropriate holding might be different.

I write separately because I am troubled by language in many of our cases that demotes the Fifth Amendment right to remain silent and not to "be compelled in any criminal case to be a witness against himself" to a "privilege." Fortunately, the Court's opinion in this case gives the Fifth

Amendment its due.

We have long been extraordinarily loose in using "privilege" to describe a constitutional right,[1] and we need to consistently give the Fifth Amendment its proper place as a right under both the United States Constitution and the Constitution of the State of Texas. Under the standards of *Marin*,[2] it is a waivable, type-2 right, but a right nevertheless. A privilege is a statutory creation and can be revoked by the legislature at its discretion;[3] the right not to be forced to testify against oneself is enshrined in the United States Constitution's Bill of Rights, and we ought not conflate the two.

Filed: November 4, 2015
Publish

---

[1] *See, e.g., Dansby v. State*, 398 S.W.3d 233 (Tex. Crim. App. 2013) (repeated references to "Fifth Amendment privilege"); *Ex parte Dangelo*, 376 S.W.3d 776 (Tex. Crim. App. 2012) (same); *Alford v. State*, 358 S.W.3d 647 (Tex. Crim. App. 2012) (heightens the risk that an individual will not be accorded his privilege under the Fifth Amendment not to be compelled to incriminate himself); *Walters v. State*, 359 S.W.3d 212, 214 (Tex. Crim. App. 2011) ("She refused to testify, citing her Fifth Amendment privilege against self-incrimination."). At times, the United States Supreme Court has also demoted the right to a privilege. *See, e.g., White v. Woodall*, 134 S. Ct. 1697, 1703 (2014).

[2] *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993).

[3] *See, e.g., Villarreal v. State*, ___ S.W.3d ____ (Tex. Crim. App. 2014) (rehearing pending) (driver's license is a privilege); *Dansby v. State*, 448 S.W.3d 441 (Tex. Crim. App. 2014) (probation is a contractual privilege); *Comeaux v. State*, 445 S.W.3d 745 (Tex. Crim. App. 2014) (peremptory challenges are a privilege granted to the accused); *In re McCann*, 422 S.W.3d 701(Tex. Crim. App. 2013) (attorney-client privilege); *Ex parte Miles*, 359 S.W.3d 647 (Tex. Crim. App. 2012) (privilege derived from the work-product doctrine); *Sanchez v. State*, 365 S.W.3d 681, 685 (Tex. Crim. App. 2012) ("while district court judges are allowed to exchange benches without geographical restrictions, the Legislature has not extended that same privilege to statutory county court judges."); *Vennus v. State*, 282 S.W.3d 70, 72 n.1 (Tex. Crim. App. 2009) ("except with respect to privileges, the rules of evidence do not apply to suppression hearings."); *Landers v. State*, 256 S.W.3d 295 (Tex. Crim. App. 2008) (protected by the lawyer-client privilege of Rule 5.03 of the Texas Rules of Evidence, Rule 5.03 of the Texas Rules of Criminal Evidence, or by the principles of attorney-client privilege governed by Rule 5.01 of the Federal Rules of Evidence); *Boyle v. State*, No. 69,743, 1991 Tex. Crim. App. LEXIS 102, *19 (Tex. Crim. App. 1991) (not designated for publication) (absolute disqualification of defendant's spouse as a witness pursuant to former Art. 38.11 was removed, and privilege may now be asserted only by defendant's spouse).